Tench McCormick v. The State.

No. 5512.　Decided December 10, 1919.

**1.—Theft—Incident—Two Counts—Verdict.**

Where the indictment charged the defendant with theft in one count and in another with receiving, etc., stolen property, and the court under a general verdict applied the same to the count charging theft, there was no error.

**2.—Same—Accomplice—Charge of Court.**

Where, upon trial of theft. the evidence raised the issue of accomplice testimony, the court should have submitted a requested charge submitting this issue to the jury, and a refusal to do so is reversible error. Distinguishing: Dever v. State, 37 Texas Crim. Rep., 396, and other cases.

**3.—Same—Confessions—Accomplice—Charge of Court.**

It is entirely immaterial, to a decision of this question of accomplice testimony, to consider the fact that defendant contradicted himself in his confession.

**4.—Same—Requested Charge—Practice on Appeal.**

Where the requested charge was covered by the main charge there was no error in refusing it.

**5.—Same—Suspended Sentence—Evidence—Moral Turpitude.**

Where the defendant pleaded for a suspended sentence, there was no error in admitting testimony that he had been convicted for playing poker, although this did not involve moral turpitude.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. George E. Hosey, judge.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.—On question of accomplice: Richard v. State, 49 Texas Crim. Rep., 192; Simmons v. State, 50 id., 527; Wyatt v. State, 55 id., 73; Johnson v. State, 58 Texas Crim. Rep., 244, 125 S. W. Rep., 16.

On question of verdict: Forester v. State, 69 Texas Crim. Rep., 62, 152 S. W. Rep., 1041.

*C. M. Cureton,* Attorney General, *John Maxwell,* Assistant Attorney General, *Jesse M. Brown,* District Attorney, for the State.— On question of charge on accomplice testimony: Waters v. State, 66 Texas Crim. Rep., 572, 148 S. W. Rep., 796; Sanchez v. State, 90 id., 641; Bush v. State, 68 Texas Crim. Rep., 299, 151 S. W. Rep., 554, and cases cited in the opinion.

On question of moral turpitude and suspended sentence: Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360.

On question of verdict: Carr v. State, 36 Texas Crim. Rep., 3; Rosson v. State, 37 id., 87; Lovejoy v. State, 40 id., 89; Southern v. State, 34 id. 144.

LATTIMORE, JUDGE.—The indictment against appellant contains two counts, one charging appellant with theft, and the other with receiving and concealing the same property alleged to have been stolen in the first count. A general verdict of guilty was re-

turned by the jury, and the trial court applied said verdict to the count charging theft and rendered judgment accordingly. This was correct, and such action has been often upheld by this Court.

Appellant asked a special charge, in due form and manner submitting to the jury the question as to whether or not the State's witness Harwell was an accomplice, said charge being refused and such action of the court assigned as error. We think this contention must be upheld. Appellant testified in his own behalf, denying the theft of the alleged stolen property, or any guilty connection with the taking of the same; and further testified that on the night the property was taken he was at home; that he got his first information relative to the whereabouts of the alleged stolen property from the witness Harwell, said information being received by him the night before he was arrested. He states: "Harwell came over and called me out and told me that he was going to Dallas early the next morning . . . and said something about wanting some casings brought down to the gin the next morning; told me he wanted me to help him put some casings on his car. . . . The next time I saw this fellow Bud Harwell after he came to my house that night was the next morning just before daylight. He did not come into the house; he came to the porch and called me out and he came to the little room; there is a little room or hall on the porch and I was in there; I did not have my pants on. He told me there that he had some stuff down there and he wanted me to bring it to the gin; that he wanted to go to Dallas. I did not have any idea it was stolen stuff at that time. He said he would give me fifty cents for bringing it down there. I took the stuff to the gin. He was there when I got there; he was in his car. I delivered the stuff to him. He gave me a check after I delivered the stuff to him. . . . I turned this stuff over to him when he gave me this check, and went back to the house."

On cross-examination, in answer to the State's question: "Who turned over the automobile tires and tubes to you?" appellant answered: "Fred Harwell told me about where I would find them; he told me that I would find them over about an old well right at the garage. I found them right there at the well; part of them was stuck down in the well. He told me that morning where I would find them; on the morning he came to my house; the morning that Legett arrested me, and he wanted me to go and get them and deliver them at the gin for him."

The State's contention, supported by their proof, was that Harwell was acting for and in behalf of the owner, and with the officers, and aiding to recover the alleged stolen property and find out and catch the thief. Their contention is abundantly upheld by the evidence, and may be true, but that is a question for the decision of the jury and not the trial court. When there is any evidence raising an issue, it becomes the duty of the trial court to submit the same to the jury and in this case it is beyond ques-

tion that if appellant's testimony be true, the witness Harwell would certainly be an accomplice. Whether the evidence of appellant be true or false, under our practice it is a question for the jury, under proper instructions. The State contends that the evidence does not raise the question of accomplice testimony, and cites the case of Dever v. State, 37 Texas Crim., 396, the case of Steele v. State, 19 Texas Crim. App., 425, and the case of Bush v. State, 68 Texas Crim. Rep., 299, 151 S. W. Rep., 556. As we understand those cases, they hold directly contrary to the State's contention.

It is entirely immaterial to a decision of this question that appellant, in his alleged confession, which was introduced by the State, contradicted his testimony as a witness on the .trial. This could only affect his credibility as a witness or his guilt, and in no wise justified ignoring the right of the jury to pass on the question of accomplice testimony. The substance of the requested charge on that theory should have been given.

The court below did not err in refusing the other special charge requested; the point there raised being covered by the main charge.

No error was committed by allowing the State to prove that appellant had been convicted for playing poker. He asked for a suspended sentence, and thereby put in issue his general reputation, as affecting which, evidence of convictions for offenses not involving moral turpitude is admissible. Williams v. State, 167 S. W. R., 360.

For the error indicated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*