JOSEPHINE ESTRADA V. THE STATE.

No. 5912. Decided October 20, 1920.

Rehearing granted January 5, 1921.

1.—Misdemeanor Theft—Question of Fact—Practice on Appeal.

The credibility of witnesses and the weight to be given to their testimony is a question of fact for the jury.

2.—Same—Name of Accused—Motion in Arrest of Judgment—Variance—Idem Sonan.

Where, the names as set out in the complaint and information were in Spanish, one being spelled Esteada and the others Estreada, and Estrada, and it was not shown how they were sounded, or how they were pronounced, they will be considered as *idem sonans*. Where, the name originally is properly set out and afterwards referred to as the said party, the variance is not important.

3.—Same—Variance—Filing Complaint—Date of Offense.

Where, the complaint and information alleged the offense to have been committed on the eleventh of February, 1920, and the evidence showed that the transaction occurred on the 9th of March of that year, the variance is fatal and the conviction cannot be sustained.

Appeal from the County Court of Bexar. Tried below before the Honorable Nelson Lytle.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50.

The opinion states the case.

*Heilbron & Matthews,* for appellant.  On question of rule of *idem sonans*: Chaney v. State, 59 Texas Crim. App., 283.

On question of words of reference: Arocha v. State, 218 S. W. Rep., 759.

*Alvin M. Owsley,* Assistant Atorney General, for the State.—On question of *idem sonans*: Milontree v. State, 16 S. W. Rep., 764. Gentry v. State, 62 Texas Crim. Rep., 497.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft of property under the value of fifty dollars.

The State makes a case on the facts.  The appellant most vigorously denies the accusation and the truth of the State's case.  This phase of the case, it occurs to us, is peculiarly one of fact which the jury has decided adversely to appellant.  We would not feel justified in reversing for this reason under the condition of this record.

In motion in arrest of judgment appellant claims there is a variance between the allegations in the complaint and information with reference to the name of the accused.  In the complaint her name is spelled Estreada.  In the information her name is alleged first as Estrada.  In two other places in the information her name is spelled Esteada and Estreada.  We are not prepared to hold that there is such a variance in the name as would be the subject of a motion in arrest of judgment. *Idem sonans* is often a very close question and depends somewhat upon not only the spelling but the pronunciation.  How the two names as set out in the complaint and information are sounded is not shown by the record.  They may have the same pronunciation.  The names seem to be Spanish or Mexican.  If there was thought to be a variance of sufficient importance to require a new information, something should have been shown in the record before the court as to the pronunciation, and whether it was of sufficient importance to require the sustaining of the proposition of viarance.  This was not done on the trial, and the question was only raised on the pleading itself in the motion in arrest of judgment.  We do not feel justified in reversing the judgment for this reason as presented.  The fact that the name was spelled three different ways in the information we do not think of sufficient importance.  The name first appears as Estrada.  When the name is mentioned in subsequent portions of the information it is referred to as the "said" party.  Where the name originally is properly set out and afterward referred to as the "said" party, usually the variance in the spelling or setting out of the name is not of importance.  Where, in the first instance, the party is properly named, usually it is sufficient to refer to the accused in subsequent portions of the pleadings as the "said" party.

As this case presents the matter we are of opinion there is no sufficient reason why the judgment should be reversed, therefore, it is ordered affirmed.

*Affirmed.*

ON REHEARING.

January 5, 1921.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term the judgment herein was affirmed. Upon motion for rehearing our attention has been called to the fact that there is a variance between the allegations in the complaint and information and the evidence introduced on the trial. The complaint and information allege an offense committed on, February 11, 1920. The complaint was sworn to on February 12, 1920. The evidence introduced by the State to prove the case shows the matter relied upon occurred on March 9th thereafter. This escaped our attention in writing the original opinion, and in fact was not called to the attention of the court. We find this variance, and that the offense, if any, was committed as proved after the complaint and information had been filed. It is fundamental as well as statutory that an offense must be committed before the indictment or the information and complaint and not afterward. Without discussing the other questions in the motion for rehearing, this requires a reversal of the judgment. The motion for rehearing is granted, the affirmance set aside, and the judgment reversed and the cause remanded.

*Reversed and remanded.*