### STEVE SMITH v. THE STATE.

No. 8311.   Decided February 6, 1924.

Rehearing denied March 26, 1924.

**1.—Possessing Intoxicating Liquor for the Purpose of Sale—Jury and Jury Law—Challenge to Array.**

In the absence of a challenge to the array it is not made to appear from the record that appellant was not under arrest for or charged with this offense prior to the time the grand jury was empaneled, and under the statute an attack upon the illegality of the grand jury must ordinarily be made by a challenge to the array there is no error. Following Robinson v. State, 92 Texas Crim. Rep., 527, 244 S. W. Rep., 600, and other cases.

2.—Same—Continuance—Want of Diligence—Attorney and Client.

Where appellant's application for continuance showed no diligence and, besides, was sworn to before his own attorney, the same was properly overruled.

3.—Same—Evidence—Confession—Sufficiency of Evidence.

Where it was shown that appellant's confession was voluntarily made, there was no reversible error, and the evidence being sufficient to support the conviction, the judgment is affirmed.

4.—Same—Rehearing—Companion Case.

Where matters raised in appellant's motion for rehearing were fully considered and decided adversely to him in a companion case, they need not again be considered.

Appeal from the District Court of Freestone. Tried below before Honorable J. R. Bell.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Edwards & French,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, Jᴜᴅɢᴇ.—Appellant was convicted in the District Court of Freestone County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at two years in the penitentiary.

There are three bills of exception in the record. The first complains of the refusal of appellant's motion to quash the indictment because of various grounds set out, such as the incompetence of the jury commissioners and of the grand jurors. No challenge to the array was made. Neither from the averments of the motion to quash, nor the statement of facts heard in support thereof, nor from the bill of exceptions reserved to the refusal of said motion, is it made to appear that appellant was not under arrest for, or charged with, this offense prior to the time the grand jury was impaneled. It is plain from our statutes and decisions that an attack upon the illegality of the grand jury must ordinarily be made by challenge to the array. Article 409 of our Code of Criminal Procedure says: "In no other way shall objections to the qualifications and legality of the grand jury be heard." This is affirmed in Robinson v. State, 92 Texas Crim. Rep., 527, 244 S. W. Rep., 600. In Staton v. State, 93 Texas Crim. Rep., 356, 248 S. W. Rep., 358, discussing a similar question, Mr. Justice Hawkins writing for this court, says: "The bill fails to

show whether appellant was in jail or on bond when the grand jury convened, and fails to present any excuse why, in either event he could not have exercised the right of challenge in limine provided in Art. 409, C. C. P.'' See Hickox v. State, 95 Texas Crim. Rep., 173, 253 S. W. Rep., 823. While it would seem permissible that one who was not under arrest nor charged with the offense at the time of the convening of the grand jury,—and who had no notice that such grand jury would investigate a crime involving him,—might make a motion to quash the indictment for some error in the formation of the grand jury, still in such case it must appear from the record that there existed such excuse or reason for not having presented a challange to the array made necessary by the statute referred to. Appellant not bringing himself within any of the rules excusing him, and not having challenged the array as required by statute, the motion to quash will not be considered.

Appellant's application for continuance shows no diligence and beside same was sworn to before his own attorney which is forbidden. Garza v. State, 65 Texas Crim. Rep., 476, 145 S. W. Rep., 591; Hogan v. State, 66 Texas Crim. Rep., 498, 147 S. W. Rep., 871.

The other bill of exceptions complains of the admission in evidence of appellant's confession, objection to which was made on the ground that it was not voluntary. Evidence was heard by the trial judge in support of this objection, which evidence appears in the record, and in our opinion same entirely negatives the truth of the objections made to the confession.

The evidence appearing amply sufficient to support the conclusion of guilt, and it appearing that appellant has been accorded a fair and impartial trial under the law, the judgment of the trial court will be affirmed.

*Affirmed.*

### ON REHEARING.

### March 26, 1924.

LATTIMORE, JUDGE.—The matters raised in appellant's motion for rehearing were fully considered and decided adversely to him in Mose Bryant v. State, No. 8303, opinion handed down by this court February 20, 1924 and motion for rehearing adversely decided on this day. The questions involved in that case and those in the instant case are identical. The only proposition involved in this motion being that considered, discussed and ruled upon in the Bryant case, supra, there is no necessity for further writing.

Appellant's motion for rehearing is overruled.

*Overruled.*