## FRED WILLIAMS V. THE STATE.

### No. 9764. Delivered February 3, 1926.

**1.—Failure to Stop and Render Aid—Indictment—Date of Offense.**

Where the date that an offense was alleged to have been committed was shown to have been subsequent to the date of the presentment of the indictment, a conviction cannot stand. The law contemplates that the offense shall be anterior to the presentment of the indictment. Following Estrada v. State, 226 S. W. 685, also see Branch's Ann. P. C. p. 231.

**2.—Same—Evidence—Held Insufficient.**

Under Art. 1150 of our Penal Code of 1925, where the state relies for a conviction on the failure of appellant to stop and render aid after a collision with an automobile, the state must prove this element of the offense, or the conviction will be set aside. The prosecution might have been upon other phases of the law, such as aggravated assault, or negligent homicide, but having elected to rely on that phase of a failure to stop and render aid, the proof must conform. Following Stalling v. State, 90 Tex. Crim. Rep. 310; Scott v. State, 90 Tex. Crim. Rep. 100.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for failure to stop and render aid after a collision with an automobile, penalty five years in the penitentiary.

The opinion states the case.

*Allen H. Hamiter* of Lewisville, Ark., and *J. T. Kelly* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, and *Shelby S. Cox,* District Attorney of Dallas County, for the State.

MORROW, PRESIDING JUDGE.—The prosecution is based upon Article 1150, Penal Code of 1925, which denounces as an offense the failure of one driving or controlling an automobile which comes in collision with another to stop and render aid. The punishment is assessed at confinement in the penitentiary for a period of five years.

The indictment was filed April 17, 1925, and charges the offense to have been committed on the 5th of April of that year. The date of the alleged offense, as shown by the statement of facts, is May 5, 1925. This was subsequent to the

filing of the indictment. The indictment avers and the law contemplates that the offense shall be anterior to the presentment of the indictment. See Estrada v. State, 226 S. W. Rep. 685; Branch's Ann. Tex. P. C., p. 231.

From the statement of facts we learn the following: Appellant, while driving a Cadillac automobile upon one of the streets of Dallas, collided with a motorcycle, the driver of which was injured. Witnesses described the collision but are silent touching the conduct of the appellant immediately thereafter. None of these witnesses said that the appellant failed to stop his car or that he failed to render aid. The procedure pursued by the State's counsel in developing the cases seems to have been to go no further than to show that the collision took place; that the appellant was driving the automobile, and that the rider of the motorcycle was injured. The essence of the offense is the *failure to stop and render aid*. The prosecution might have been upon other phases of the law, such as aggravated assault or negligent homicide, but the phase of the law selected and that submitted to the jury and upon which the verdict rests is that which denounces as an offense the failure to stop and render aid to the injured party. See Stalling v. State, 90 Tex. Crim. Rep. 310, 243 S. W. Rep. 990; Scott v. State, 90 Tex. Crim. Rep. 100.

Counsel for the state concedes that the offense charged was not proved. This is obviously true.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*