EDWARD ESHOM v. THE STATE.

No. 15043.   Delivered March 30, 1932.

*Curtis Douglass,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possession of intoxicating liquor; punishment, two years in the penitentiary.

It was alleged in the indictment that the offense was committed on or about March 18, 1931, but the indictment was returned into court and filed on March 12, 1931, six days before the offense is averred to have been committed. Of course, there is an error somewhere in the dates, but it is fatal to the indictment.

The sixth requisite of an indictment under the provisions of article 396, C. C. P., is that "The *time mentioned* must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." Williams v. State, 103 Texas Crim. Rep., 117, 280 S. W. 220; Goddard v. State, 14 Texas App., 566; Robles v. State, 5 Texas App., 346; Lee v. State, 22 Texas App., 547, 3 S. W., 89.

The judgment is reversed and the prosecution ordered dismissed under the present indictment.

*Dismissed.*