JAMES D. MCALLISTER V. THE STATE.

No. 17964. Delivered March 11, 1936.
Rehearing Denied April 22, 1936.

The opinion states the case.

*Marvin P. McCoy,* of Houston, and *Sayle Lewis* and *J. Q. Henry,* both of Mission, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted

of the offense of murder and his punishment was assessed at death.

The record shows that the appellant and Richard Palmer first became acquainted in the year 1931, when both were serving a prison term at the Eastham state prison farm. After being released from prison they again met on or about the 25th day of March, 1935, in the city of San Antonio. While in San Antonio they agreed to go down into the "Valley" and engage in some hijacking, and left San Antonio armed with a pistol and a sawed-off shotgun. On the 30th day of March, 1935, while walking down the road leading out of Alice, they hailed a young man driving a Ford sedan. He stopped his car; appellant got in the back seat and Palmer got in the front seat next to the driver. From the appearance of the young man, he, appellant, judged he had a lot of money and would be a good man to hold up. As they were driving down a lonely stretch of road Palmer nodded his head, in accordance with their previous understanding, which meant for appellant to proceed with the hijacking. He thereupon drew his pistol from underneath his shirt, held the gun on deceased's back, and commanded him to stop the car. At the time this command was given Palmer jerked the key out of the switch and deceased looked back and remarked, "What's the matter?" As the car was being brought to a stop the appellant shot him in the back with the pistol. They then placed the deceased between the rear and the front seat of the car, covered him up as best they could, drove some distance down the highway, turned off onto a lateral road, where they took the deceased out of the car, stripped him of all his clothing except his shirt, tie, underwear, and a ring, and dumped him into some brush. After taking all of his personal belongings and putting them into the car they drove into Raymondville, thence to Harlingen, and then over to Rio Hondo where Palmer found his wife at a carnival, and where they remained during the night. The next morning they divided the loot; appellant taking some of the deceased's wearing apparel, the car, and then drove back through Harlingen and on to San Antonio where he was arrested and charged with the offense for which he was subsequently convicted. He made a voluntary confession giving a detailed statement of his and Palmer's connection with the death of the deceased.

The appellant's main complaint is that the court erred in overruling his motion in arrest of judgment and for a new trial. His contention is that the grand jury that returned the indictment was not a legal one by reason of the fact that

W. E. Stout and Alfredo Garza, two of said jurors, were not qualified to sit on said grand jury by reason of the fact that neither of them had paid their poll tax for the year 1934. The indictment was returned by the grand jury on the 8th day of April, 1935. If said two men were qualified jurors, then the appellant's contention must be overruled. Looking to the act of the 29th Legislature, p. 207, c. 107, amending Article 3139 of the Revised Statutes of 1895, (which is now Article 2133, R. C. S., 1925) so as that same reads as follows: "He must be a citizen of the state and of the county in which he is to serve, and qualified under the constitution and laws to vote in said county; provided, that his failure to pay poll tax as required by law shall not be held to disqualify him for jury service in any instance," it is obvious that it is neither a disqualification nor cause for challenge that the juror has not paid his poll tax. In the case of King v. State, 100 S. W., 387, where the identical question as here presented was before the court the same was decided adversely to the appellant's contention.

We have examined the bills of exception one, two, three, four, and five and have come to the conclusion that neither of them present any reversible error.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing, urging that the opinion relied upon and cited as supporting our holding in the original opinion, viz: King v. State, 100 S. W., 387, was and is wrong in principle. We do not agree with appellant. Appellant also insists that Art. 2133, Revised Civil Statutes, 1925, quoted in our original opinion, has application only to petit jurors and not grand jurors,—and that our Code of Criminal Procedure expressly provides in Art. 339 what shall be the qualifications of grand jurors, and appellant's conclusion is that conceding the article to be as is stated in the civil statutes, it is wrong to attempt to make it apply to grand jurors as well as petit jurors.

Art. 339, C. C. P., provides six grounds of qualification for grand jurors, the first and only applicable one of which is that

to be qualified for a grand juror one must be a citizen of the state and county and qualified under the Constitution and laws to vote in such county. Art. 354, C. C. P., lays down three questions to be propounded to prospective grand jurors, which being asked and answered in the affirmative,—in the absence of contest,—is sufficient to satisfy the court before whom the proceeding is had, and entitled such persons to be sworn and serve as grand jurors. It will be noted that by the revision of 1925 there was omitted from said Art. 354 the requisite theretofore appearing in said article, viz.: that only in case it be made to appear that the requisite number of grand jurors could not be found in the county who had paid their poll taxes, —the court could accept and hold qualified those citizens who had not paid their poll taxes. It was formerly provided in Art. 405, C. C. P., 1916, and evidently as part of the test to be used in selecting grand jurors, that the court could only use citizens who had paid their poll taxes, until it had been ascertained that there were not enough citizens in such county who had paid their poll taxes to constitute the grand jury. The omission of this requisite from old Art. 405, supra, which is now Art. 354, C. C. P., must be held intentional.

As we understand the record before us, no objection for any such reason as above discussed was presented before the trial of this case. The question being attempted to be raised after the trial, we think the propositions relied upon were decided adversely to appellant in Stewart v. State, 123 Texas Crim. Rep., 269.

The motion for rehearing is overruled.

*Overruled.*