## OSCAR SUMNER v. THE STATE.

No. 18938.   Delivered April 14, 1937.

The opinion states the case.

*Lockhart & Brown,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of cattle, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's main contention is that the court erred in declining to sustain his motion to quash the indictment on the ground that A. M. Brownfield, who was impaneled as a grand juror and selected as foreman thereof and acted in said capacity, is the same person named in the indictment as being the owner of the property which he, appellant, is charged with

having stolen; that said A. M. Brownfield is the prosecutor in this case and as foreman of the grand jury signed the indictment against the appellant. It appears from the bill of exception that at the time of the formation and impaneling of the grand jury appellant had not been charged with said offense; that he was not in jail or under bond to appear in said court; that he had no knowledge that any such accusation was being made against him; that if he had had such knowledge or any notice that such accusation would be made against him, he would have appeared in court at the time of the impaneling of said grand jury and challenged the said A. M. Brownfield under the authority of the Code of Criminal Procedure. The motion was duly verified and upon a hearing thereof was overruled, to which ruling of the court appellant excepted and brings the matter to this court for review by bill of exception, in which the court specifically found the grounds of exception to be true.

Art. 362, C. C. P., provides:

"A challenge to a particular grand juror may be made orally for the following causes only: * * *

"2. That he is the prosecutor upon an accusation against the person making the challenge."

It appears that it was the intention of the legislature to accord one accused of crime the privilege of challenging any grand juror at the time the grand jury is being impaneled upon the grounds set forth in the above quoted article of the Code of Criminal Procedure. If the accused is confined in jail upon a complaint, he shall upon request be brought into court and be given the opportunity of exercising the privilege of challenging the array of jurors or any person presented as a grand juror. If he is on bond, he has the privilege of appearing in person and exercising his right of challenge. A failure to do so in either of the events mentioned is a waiver of the privilege. But in the instant case appellant was not accused, was not in jail, was not on bond, and had no notice or knowledge that he would be accused or charged with the offense. Hence it cannot be said that he neglected to exercise the privilege or waived his right to challenge the grand juror. It occurs to us that under the facts stated appellant brings himself within the rule announced by this court in the cases of Staton v. State, 248 S. W., 356; Smith v. State, 97 Texas Crim. Rep., 6, 260 S. W., 602; Powell v. State, 99 Texas Crim. Rep., 276.

In the case of Hickox v. State, 95 Texas Crim. Rep., 173, this court speaking through Judge Hawkins on a motion for rehearing said:

"Without setting them out here (articles of Code of Criminal Procedure), it will be observed that each of articles 412 and 413 (now articles 361 and 362) specify the grounds which must exist before the challenge in either case will be available to an accused. If the calling of the special term of court without notice prevented appellant from challenging in limine as required by article 409 (supra) (now article 358) there exists no doubt in our mind under the authority of Carter v. State, 39 Tex. Cr. R. 345, 46 S. W. 236, that the same objection would have been available upon motion to quash the indictment."

We are, therefore, of the opinion that under the facts of this case that appellant had a legal right to present his motion to quash the indictment at the time he did so and the court's action in overruling the same was error.

Being of the opinion that the court erred in overruling the motion to quash the indictment, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.