E. F. CONKLIN v. THE STATE.

No. 22096. Delivered May 27, 1942.

The opinion states the case.

*H. J. Bernard* and *Kenneth Aynesworth,* both of Houston, for appellant.

*Dan W. Jackson,* Criminal District Attorney, and *Allie L. Peyton, Thomas M. Ryan,* and *O'Brien Stevens,* Assistant Crim-

inal District Attorneys, all of Houston, and *Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding, Judge.

Conviction is for exhibiting a gaming device, towit: a marble machine for the purpose of gaming, the punishment assessed being two years in the penitentiary.

(1) When the case was called for trial appellant filed a motion to quash the indictment on the ground that three persons were on the grand jury which returned the indictment each of whom was subject to challenge for cause. It is averred in the motion to quash, and supported by proof, that the grand jury was impaneled on May 5, 1941; that the indictment against appellant was returned on June 25, 1941, wherein it was alleged that the offense with which appellant was charged was committed on or about June 14, 1941, a date subsequent to the organization of the said grand jury. It is further averred and proven that prior to the impanelment of the said grand jury appellant had not been charged by complaint with any offense, had no knowledge of any contemplated investigation by the grand jury, had not been bound over under bail to await the action of said grand jury, and was not present when the said grand jury was impaneled, and that the motion to quash the indictment was the first opportunity appellant had to challenge the qualification of three named members of said grand jury, for the reason that they were not qualified voters in Harris County at the time they were placed on said grand jury.

(2) Art. 358 C. C. P. (1925) provides that "before the grand jury has been impanelled any person may challenge the array of jurors, *or any person presented as a grand juror.*" Appellant brings himself within the rule that where there was no neglect to challenge when the grand jury was being organized, and no waiver of the right to so challenge, that objections to the array or to individual grand jurors may be urged *before* a trial by motion to quash. Staton v. State, 93 Tex. Cr. R. 356, 248 S. W. 356; Hickox v. State, 95 Tex. Cr. R. 173, 253 S. W. 823; Sumner v. State, 132 Tex. Cr. R. 281, 104 S. W. (2d) 45 and cases therein cited.

(3) Evidence was heard upon the motion to quash the indictment, and the following facts established. There were about 50,000 adult male citizens, residents of Harris County who had

paid their poll taxes, or had exemptions entitling them to vote without payment of poll tax at the time the grand jury which returned the indictment against appellant was impaneled; the three grand jurors who were alleged to be subject to challenge were each shown to be between 21 and 60 years of age, and that they had not paid their poll taxes which would have entitled them to vote in 1941, and that none of them came within any of the exemptions which would have entitled them to vote without payment of the poll tax; one of the three grand jurors, before he was impanelled, advised the trial judge that he had not paid his poll tax, but said judge thought the payment of the poll tax to be unnecessary.

(4) Art. 362 C. C. P. (1925) provides that a challenge to a particular grand juror may be made orally for the following causes. "1. That he is not a qualified grand juror."

(5) Art. 339 C. C. P. (1925) in so far as here applicable reads as follows:

"No person shall be selected or serve as a grand juror who does not possess the following qualifications:

"1. He must be a citizen of the State, and of the county in which he is to serve, and qualified under the Constitution and laws to vote in said county; *but, whenever it shall be made to appear to the court that the requisite number of jurors who have paid their poll taxes can not be found within the county, the court shall not regard the payment of poll taxes as a qualification for service as a juror.*"

We have emphasized the part of said article especially here pertinent to prevent repetition later. Appellant bases his challenge to the three grand jurors heretofore referred to upon that part of the foregoing article which is italicized, because it is shown that at the time they were placed upon the grand jury many more than the requisite number of grand jurors were available who had paid their poll tax, and it is asserted that the court could not properly use non-poll tax payers on the grand jury as long as poll tax payers could be found.

(6) The importance of the question, as well as aid in solving it, is our reason for relating the legislative history of said Art. 339 and others akin to it.

After the adoption of the Constitutional Amendment in 1902 requiring payment of poll tax as a qualification for voting—unless the voter was for some reason exempt from such payment—the 1st C. S. of the 28th Leg. in 1903, Ch. 9, p. 15, amended by specific reference Art. 3139 R. C. S., Art. 378 C. C. P. (now 339), Art. 393, C. C. P. (now Art. 354), Art. 668 C. C. P. (now 612), Art. 673 C. C. P. (now 616), adding to each article so amended the italicized portion of present Art. 339 C. C. P. as hereinbefore set out. In 1904 the case of Taylor v. State, 47 Tex. Cr. R. 101, 81 S. W. 933, reached this court. The case called for a construction of the Act of the Special Called Session of the Legislature above referred to as it related to petit, or trial jurors. The question of grand jurors was not involved. It was held that the language found in the italicized portion of the articles relating to petit jurors did not authorize the court to dispense with the poll tax qualification where it was shown that there were many qualified poll tax paying jurors in the county. In 1905, (the next year after the Taylor case was decided), the 29th Legislature, R. S., Ch. 107, p. 207, by particular reference amended Art. 3139 R. C. S., providing that failure to pay a poll tax should not disqualify a person for jury service in any instance. Although the provision of the Act of the Special Called Session of the 28th Leg., which the Act of 1905 was designed to correct or modify had included the articles of the Code of Criminal Procedure heretofore referred to, the Act of 1905 did not amend then Arts. 378 and 393 C. C. P. regarding qualifications of grand jurors, nor then Arts. 668 and 673 C. C. P. regarding the qualifications of petit jurors in capital cases. In 1907 the case of King v. State, (Tex. Cr. R.) 100 S. W. 387 was decided. The question as to certain grand jurors who had not paid their poll tax was raised. The original opinion referred to the amendatory act of Art. 3139 R. C. S. relating to petit jurors as if it also applied to grand jurors, but took no notice of the continuing italicized provision of Arts. 378 and 393 C. C. P. regarding grand jurors, which had not been amended. It was also stated in the original opinion that the motion to quash the indictment was properly overruled because the grand jurors who had not paid their poll tax were not challenged at the time the grand jury was organized. The opinion on rehearing clearly shows that it was based on the failure to so challenge at the time the grand jury was impaneled, because the court said:

"Under the view we have taken of the questions presented, it has not been thought necessary to discuss the bearing of

amended article 3139, Rev. St. 1895 (page 207, c. 107, Acts of the 29th Legislature), upon articles 393 and 668 of the Code of Criminal Procedure of 1895." It will be noted that no reference is made at any time in the opinion to Art. 378 C. C. P. (now 339). The articles of the R. C. S. and the C. C. P. heretofore referred to remain unchanged after the mandatory Act in 1905 of Art. 3139 R. C. S. until the recodification of 1911. That article as so amended was carried forward in the civil statutes as Art. 5115. The italicized part of Arts. 668 and 673 C. C. P. relating to *trial jurors* in capital cases was omitted in the recodification of 1911, thereby making said articles conform with Art. 5115, (formerly 3139) R. C. S. relating to *petit* jurors, but as recodified Arts. 378 (now 339) and 393 (now 354) C. C. P. retained the italicized portion relating to qualification of *grand* jurors. These articles remained without legislative change until the recodification of the statutes in 1925, at which time the italicized portion was dropped from present Art. 354, but present Art. 339 was brought forward in its present form as set out earlier in this opinion.

(7) Art. 354 C. C. P. as it now reads provides that in testing the qualification of a person to serve as a *grand* juror he shall be asked: "1. Are you a citizen of this State and County, and qualified to vote in this county under the Constitution and laws of this state?" The omission of the former italicized portion of said test question can have no limitation on Art. 339 because thereunder said proposed grand juror is not a qualified voter unless he has paid his poll tax, or is by the presence of some exception exempt from paying it. The meaning of the italicized portion of Art. 339 as stated in Taylor v. State, (supra) and in McAllister v. State, 130 Tex. Cr. R. 262, 93 S. W. (2d) 745, is unquestionably correct; that is, (if it be given effect) the court could use as *grand* jurors only citizens who had paid their poll tax, or were exempt from paying it, unless it appeared that there were not enough citizens so qualified to constitute a *grand* jury.

We call attention that the original opinion in McAllister's case followed the opinion in King v. State, (supra) without reference to the provisions of Art. 339 C. C. P., and overlooked the fact that the attack upon the indictment was by motion in arrest of judgment. It was too late to challenge the indictment after the trial for the reasons therein urged. In the opinion on rehearing reference is made to the omission of the italicized

portion of Art. 354 C. C. P., but apparently overlooked the fact of its presence still in Art. 339 C. C. P. The case was finally disposed of on the ground that the complaint of the indictment being raised after trial it came too late.

(8) We are confronted with Art. 339 C. C. P. as it now stands. When the Code of Criminal Procedure provides certain rules in criminal matters we are bound by them. In all the vicissitudes of legislation and recodification heretofore recited this article has maintained its present form since its enactment in 1903. The changes in the law with reference to *petit* jurors certainly have not been accidental, but have been purposely made. The conclusion is reasonable that letting Art. 339 remain unchanged was also purposely done; that the Legislature believed that one called upon to serve as a *grand* juror should have sufficient interest in affairs of good government to qualify himself to vote by paying his poll tax, he should not serve on the *grand* jury unless a sufficient number of citizens could not be found in the county who were so qualified.

However, without speculating on the reasons why said article has remained unchanged, we must deal with it as it reads. It must either be given effect or ignored. Appellant has shown that he was in no position to challenge the three *grand* jurors mentioned when the grand jury was impaneled; he presented his challenge before the trial; he excludes by proof the contingency which would permit the service as *grand* jurors of one who was not a qualified voter. The motion to quash the indictment should have been sustained.

In order that confusion in the impanelment of *grand* jurors be eliminated, any expressions in King v. State, 100 S. W. 387; McAllister v. State, 130 Tex. Cr. R. 262, 93 S. W. (2d) 745; Wright v. State, 158 S. W. (2d) 787, or in any other case, contrary to the conclusions here announced are modified, and the cases overruled on the point here involved.

The judgment is reversed and the prosecution ordered dismissed.