The offense is theft of cattle. The punishment assessed is confinement in the State penitentiary for a term of five years.
When the case was called for trial, appellant made a motion to quash the indictment on the ground that R. E. Davis, who was a member of the grand jury which returned the indictment in this case, was not a qualified grand juror in this, that he had not paid his poll tax for the year 1938 prior to the first day of February, 1939; that there were 1,200 adult male citizens between the ages of 21 and 60 years in Robertson County, who were qualified voters, had paid their poll tax and were available for grand-jury service; that the said R. E. Davis is between the ages of 21 and 60 years and subject to the payment of the poll tax; that he is not exempt from the payment thereof by any of the exceptions provided by law. Upon the hearing of the motion, the court heard evidence relative to the allegations therein. Mr. Davis, according to his own testimony, did not remember whether or not he had paid his poll tax for the year 1938. The Collector of Taxes testified that he had his records before him showing a list of the qualified voters for said county who were entitled to vote during the year 1939; that the name of R. E. Davis did not appear thereon. The grand jury was impaneled on the 3rd day of April, 1939, at which time appellant was out on bond. The indictment was returned on April 12th, charging him with the theft of two cattle from Buster Cobb; that after the indictment was returned, appellant made an appearance bond with Frank Moore and D. Sanders as sureties. This indictment was subsequently dismissed by reason of the fact that it charged appellant with the theft of cattle from Buster Cobb instead of from Frank Vytopil; that *Page 296 
when the District Attorney discovered this error, he dismissed the case and the same grand jury, at said term of court, subsequently returned the indictment upon which the conviction in this case is based.
It further appears from the record that appellant voluntarily appeared before the grand jury and testified; that after this indictment was returned he fled and evaded arrest for about three years when he was arrested in the State of Oklahoma and brought back to Texas for trial.
In disposing of the question here presented, we deem it pertinent to refer to Article 358, C. C. P., which provides: "Before the grand jury has been impaneled, any person may challenge the array of jurors or any person presented as a grand juror. In no other way shall objections to the qualifications and legality of the grand jury be heard," etc.
The record before us discloses that appellant was on bond and in attendance of the court. Consequently he had an opportunity at the time of the impaneling of the grand jury to exercise his legal right to challenge the array or any person presented as a grand juror. Having failed to avail himself of his legal right at the time provided by law, he waived the same Moreover, there is an entire absence of proof to sustain the allegation in his motion that there were a sufficient number of male persons between the ages of 21 and 60 years who were qualified to vote in said county and qualified to serve as grand jurors. However, the allegation in his motion is a mere pleading.
Article 339, C. C. P., provides as follows: "He must be a citizen of the State and of the county in which he is to serve, and qualified under the Constitution and laws to vote in said county; but, whenever it shall be made to appear to the court that the requisite number of jurors who have paid their poll taxes cannot be found within the county, the court shall not regard the payment of poll taxes as a qualification for service as a juror."
Consequently the appellant has failed in his proof to show that the requisite number of jurors who paid their poll taxes could be found within the county to serve as grand jurors.
In the case of Conklin v. State, 162 S.W.2d 416, Judge Hawkins, speaking for the court, reviewed the history of legislation *Page 297 
relative to the various articles of the statute regarding the qualifications and impanelment of grand jurors, and we see no need of again entering upon an extended discussion of the question. Believing that the court was justified in overruling the motion to quash the indictment, appellant's contention is overruled.
Appellant next contends that the evidence is insufficient to show him guilty of theft; that if he is guilty of any offense, it is receiving and concealing stolen property. The evidence adduced by the State, briefly stated, shows that on or about the 15th day of March, 1939, Frank Vytopil missed a cow and calf from his pasture located in Robertson County. A few days later he found his cow and calf in possession of Bill Sessions at Wells, Texas, where he recovered the same. Sessions testified that about the 16th day of March he bought the cow and calf in question from the appellant and produced a check in the sum of $35.00, payable to Eugene Williams, dated 3-16-1939, which was endorsed on the reversed side, "Eugene Williams," "H. W. Polk."
Appellant's theory was that Buster Cobb told him to go to the San Antonio Highway, pick up a cow and yearling, sell them and bring him the money; that Cheesy Fowler would have her tied and would help load her; that he went in his truck to the place indicated by Cobb and found that Fowler had the cow tied to a tree and he assisted in loading the cow and yearling.
Neither Fowler nor Cobb appeared to deny the evidence introduced in support of the appellant's theory of the case. However, appellant admitted on cross-examination that when the sheriff released him from jail he immediately went to Lake Charles, Louisiana, where he stayed five or six days. From there he went to Jackson, Mississippi, where he remained for about two days. From there he went to Chattanooga, Tennessee, and then to Arkansas. He then went to Cincinnati, Ohio, then to Billings, Montana, and from there to Arizona, Utah, and California. He then came back to Arizona and finally to Oklahoma, where he was arrested. After he left Robertson County, Texas, and while going from place to place, he went under the assumed name of Alvin Holiday. This clearly shows flight, which is always a circumstance from which an inference of a guilty conscience arises.
It will be noted from the brief statement of the evidence that an issue of fact was raised which the jury decided adversely to the appellant. It was within the province of the jury *Page 298 
to disregard his evidence and accept that of the State, or they could have accepted his version and disregarded the evidence introduced by the State. See Art. 706, C. C. P.; also Merritt v. State, 118 Tex.Crim. R.; Key v. State, 99 Tex. Crim. 612; Jones v. State, 78 Tex.Crim. R.; Garcia v. State,98 Tex. Crim. 502; McCormick v. State, 86 Tex.Crim. R.; Thomas v. State, 100 Tex.Crim. R.; Davis v. State, 100 Tex. Crim. 617.
Appellant contends, however, that the facts of this case bring it within that of Rountree v. State, 140 Tex.Crim. R.. We are not in accord with his contention. In that case the uncontradicted evidence showed that Eugene Rountree stole the yearling and tied it to a post at a designated spot, where Jim Rountree, the accused, later took possession of the animal.
By Bill of Exception No. 1 appellant complains of the action of the trial court in overruling his motion for a continuance. The motion is an appeal to the equitable powers of the court and does not contain any statutory grounds for a continuance. Consequently this court would not be authorized to hold that the trial court abused his discretion in respect thereto.
Bill of Exception No. 2 relates to the action of the trial court in declining to quash the indictment. This complaint has been fully discussed at the beginning of this opinion and needs no further discussion.
Bill of Exception No. 3 relates to the court's action in overruling appellant's request for a peremptory instruction to the jury to return a verdict of not guilty. This question has also been discussed herein and we see no need to reiterate what we have heretofore said in this opinion on the subject.
By Bill of Exception No. 4 appellant complains because the District Attorney, in his argument to the jury, referred to him as a thief. If appellant had not testified that in the year 1935 he was tried and convicted of the theft of a hog and awarded two years in the penitentiary, then quite a different question would have been presented, but in the instant case he testified on direct examination to the fact of his conviction for the theft of a hog. Consequently the prosecuting attorney merely commented on the evidence introduced.
No error appearing in the record, the judgment of the trial court is affirmed. *Page 299 
The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.
 ON MOTION FOR REHEARING.