CECIL BAKER V. STATE.
No. 24593. January 11, 1950.

*Alvin R. Allison* and *Earl R. Allison,* Levelland, for appellant.

*E. W. Boedeker,* County Attorney, of Levelland, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted in the county court of Hockley County of the offense of transporting whiskey in said county, a dry area, and the jury assessed his punishment at a fine of $300.

On the trial, T. A. Rowland, a Texas Highway Patrolman for the Department of Public Safety, was the only witness. His testimony showed that appellant was driving a car in Hockley County at an excessive speed; that he gave chase and arrested appellant, who gave his name to the officer and in response to questions replied that he had "just a little bit." In the trunk of the car, which appellant opened, a quantity of beer was found and in the front part of the car eleven packages of bottles of whiskey of various brands were found, all of which was seized by the officer and offered in evidence on the trial. It was proved by proper records that Hockley County is a dry area.

Appellant complains of the receipt in evidence of the seized liquor on the ground that the officer had no search warrant, and therefore the search is claimed to be illegal.

The officer testified, in the absence of the jury, that prior to the arrest he had information that appellant was transporting liquor. The court's qualification of the bill of exception raising the point disclosed that the trial judge concluded from the evidence that probable cause existed by reason of such information together with the statement of appellant that he had "just a little bit." Such conclusion seems warranted by the evidence.

Moreover, the officer, being a State Highway Patrolman, was charged with the duty of enforcing highway regulations and traffic laws, and upon observing appellant driving at an excessive speed and in a reckless manner on the public highway, it was his right and duty to overtake and arrest him without warrant. The arrest being lawful, the right to search was an incident thereof, and was therefore not illegal. The search being legal, the fruits thereof were admissible in evidence. See Hawley v. State, 107 Tex. Cr. R. 243, 296 S. W. 556; and Linthicum v. State, 134 Tex. Cr. R. 608, 116 S. W. 2d 714.

On the trial, the witness Rowland testified that the boxes and containers or lugs offered in evidence contained cans and bottles respectively. Objection being made that none of the lugs and none of the boxes had ever been opened, the trial judge directed the witness to open the boxes and lugs in question. Such action of the judge was well within his province, and we are unable to see how the language of the judge, "In view of that objection Mr. Rowland, you might as well get to work," was prejudicial.

Appellant's bill of exception leveled at certain remarks of the county attorney in his argument to the jury fails to present error, in that the bill fails to show that the remarks complained of, if improper, were not provoked or invited by argument of appellant's counsel. See Sharp v. State, 151 Tex. Cr. R. 637, 210 S. W. 2d 174.

The judgment of the trial court is affirmed.

Opinion approved by the court.