A. L. TROLLINGER V. STATE.

No. 24615. February 1, 1950.
Rehearing Denied March 22, 1950.

*H. S. Beard,* and *John B. McNamara,* Waco, for appellant.

*Gene Maddin,* Criminal District Attorney, Waco, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a penalty of four years in the penitentiary.

This case was reversed on a former appeal because of the testimony of a deputy sheriff as to a statement made by appellant while under arrest. No other question was considered in the opinion and no other ground was stated for the reversal of the case. See opinion, Trollinger v. State, 153 Texas Criminal Rep. 364, 219 S. W. 2d 1018.

The facts in the case now before us are the same as in the former appeal, except as to the question presented on this appeal.

We refer to that opinion for the statement of the facts in the case now before us.

The question presented by the one bill of exception is on the theory that it is the same as in the former appeal and, for that reason, the case should be again reversed. We do not so view the record. The bill of exception brings forward the complaint in the following language: "Be it further remembered that thereupon the State's Counsel then asked defendant 'Haven't you since the death of Frank Wetzel, referred to these boys as sons-of-bitches?' to which question the defendant answered, 'I probably did, but I didn't as many times as they called me a son-of-bitch out there that night.' to which decision and order of the court in permitting the State's Counsel to propound said questions to said defendant 'did you refer to these boys, Francis Wetzel, J. B. Wetzel and Marvin Schlemmer, as sons-of-bitches' defendant tenders this his Bill of Exception No. 1."

We find nothing in the record to indicate the time referred to and the bill was accepted by appellant with the court's qualification to the effect that the appellant had testified that he had killed deceased in self-defense; that the question asked "was not objected to by defense counsel and no exception taken to said question or the answer thereto." In addition to the foregoing, the court says that the record does not disclose to whom the defendant was talking when he admits having referred to the boys as "sons-of-bitches", and does not show whether he did so one minute after he shot the deceased or one minute before he testified on the trial of his case.

Under this qualification to the effect that no objection was made by defense counsel, and no exception taken to the question and answer, nothing is presented for our consideration. In the absence of a showing that the statement was made while under arrest, we do not think the holding in the former appeal is applicable.

We find no reversible error and the judgment of the trial court is affirmed.

#### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

We have again reviewed the record in the light of appellant's contention that we erred in holding the facts sufficient to sup-

438

port the conviction, and remain convinced that a correct conclusion was reached originally.

The motion for rehearing by appellant is overruled.

Opinion approved by the court.