# Don W. Hall v. State.

No. 26,078.  November 26, 1952.
Rehearing Denied January 21, 1953.
Appellant's Second Motion for Rehearing
Denied February 11, 1953.

*McCarthy and Haynes, George S. McCarthy* of Counsel, Amarillo, for appellant.

*W. O. Shafer*, District Attorney, Odessa, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder without malice, with two prior convictions alleged to enhance the punishment; the punishment, life.

The witness Witherspoon testified that on the day of the homicide he met the deceased at the Cozy Bar; that shortly thereafter the appellant and his wife came into the establishment, and some few minutes later he left with them. Witherspoon stated that the three of them went to the home of the appellant's mother, where the appellant left his wife and the witness, was gone a short while, and returned with the deceased. Witherspoon further testified that the appellant and deceased began to "shoot craps" on the floor of the bedroom, while he lay on the bed and dozed for a short time. The witness further stated that when he awoke the two men were standing up facing each other; the appellant had a pistol in his hand, with which he hit the deceased across the forehead; whereupon, the deceased turned and held on to a bureau drawer; that the appellant raised the pistol again, at which time the witness noticed that it was cocked, and as the appellant hit the deceased the last time the pistol fired. The witness stated that during this attack he did not see the deceased make any effort to strike the accused or see any weapon in the hands of the deceased. Witherspoon recounted that he called the appellant to help him carry the deceased, who had fallen to the floor, and that the appellant stopped to pick up the money used in the gambling before responding to his call.

The witness also stated that on the way to the hospital the appellant proposed the idea that they report that the deceased had been found on the side of the road; that when they arrived at the hospital they deposited the deceased in the care of an orderly, and the appellant immediately said, "Come on, you are going with me," and that they had left together. Witherspoon testified that as appellant let him out of the automobile he told him to "keep quiet," but that instead of doing so he had reported the matter to the authorities that same night.

Dr. Hubbard testified that he attended the deceased upon his

admission to the hospital; that in addition to several lacerations around the head he found a puncture wound around the base of the skull similar to that of a gunshot wound and a point of exit at the top of the head, and that the deceased died within a few minutes as the result of this gunshot wound.

Mrs. Ashby, operator of the Cozy Bar, testified that on the day of the homicide as appellant, his wife, and the witness Witherspoon left her place of business she asked the appellant and his wife not to come back there again, but that, in spite of such request, appellant did return alone a short while later; and upon departing the deceased left with him.

Appellant was identified as being the same individual who had been convicted in the cases plead to enhance the punishment.

Appellant's wife, testifying in his behalf, gave a different version of the homicide. She stated that the deceased had made an indecent proposal to her, which caused the appellant to strike him, and that, then, the deceased attacked her husband with a knife, and that he hit the deceased with a pistol in an effort to defend himself.

The jury resolved this issue against the appellant, and we find the evidence sufficient to support the conviction.

We shall now discuss the contentions raised by the appellant in his brief and argument.

Appellant contends that the use of the word "alias" in the indictment was prejudicial to him and should effect a reversal of this cause. He states that he knows of no authority from any jurisdiction to support his position, and we fail to see any reason or logic which would fortify his contention. The indictment merely alleged accurately the names under which the appellant had been convicted in the prior cases.

Appellant complains of argument of the prosecutor. These bills fail to show that such argument was not in reply to argument of appellant's counsel nor provoked or invited thereby. Such a bill is fatally defective. Baker v. State, 154 Tex. Cr. R. 116, 225 S. W. 2d 828; Baggett v. State, 154 Tex. Cr. R. 618, 229 S. W. 2d 801; and cases cited in Tex. Dig., Crim. Law 1091(8)e.

Appellant complained for the first time in his motion for new trial of the introduction into evidence of a certified copy of an indictment returned against the appellant by the grand jury of Lynn County, one of the two prior convictions alleged in the indictment. No objection was made at the time such proof was offered, and, therefore, the bill presents nothing for review. Trollinger v. State, 154 Tex. Cr. 436, 227 S. W. 2d 558.

Appellant complains of the introduction into evidence of a certified copy of the sentence of the district court of Lubbock County, another of the two prior convictions alleged in the indictment, because in such sentence the trial court had failed to make application of the indeterminate sentence law. This is an effort to collaterally attack the sentence of another court and cannot be sustained. The sentence was not void and, therefore, was admissible for the purpose of proving the allegations of the indictment.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

BELCHER, Judge.

In his motion for rehearing, appellant insists that the evidence as to who started the altercation, upon which he relies as a basis for self-defense, is uncontradicted and that the jury is not authorized to resolve same against him. The jury is not bound to accept all or any of the testimony of a witness, even though uncontradicted. It is not the prerogative of the appellate court to interfere with the jury's finding on questions of fact where there is evidence authorizing their verdict. See Williams v. State, 146 Tex. Cr. R. 291, 174 S.W. 2d 261 (5).

Appellant again complains of the use of the word "alias" in the indictment. In addition to what we have heretofore said, we further observe that this contention is set at rest by his failure to suggest the correct name at the proper time in order that his name as suggested might be inserted in the indictment as provided in Arts. 495-496, C.C.P.

After careful and thorough study of appellant's able brief and authorities cited therein, we remain convinced that the correct conclusion was reached in our original opinion.

The motion for rehearing is overruled.

Opinion approved by the Court.

ON APPELLANT'S SECOND MOTION FOR REHEARING.

WOODLEY, Judge.

The indictment returned January 8, 1952, charged the offense of murder without malice, alleged to have been committed on or about December 8, 1951.

For the purpose of enhancing the punishment the indictment further alleged that appellant was convicted on September 26, 1946, of robbery by assault, in the 99th District Court of Lubbock County in Cause 2985, and on November 14, 1942, in Cause No. 818, in the 106th District Court of Lynn County of felony theft. The latter conviction was alleged to have become final prior to the commission of the offense of which he was convicted in Cause 2985 in the Lubbock County District Court. Both convictions were alleged to have occurred prior to the commission of the primary offense of murder without malice.

Such allegations are sufficient to show a repetition of offenses after a prior conviction, as required under the holdings of this court construing Arts. 61 and 63 of our Penal Code to be reform statutes.

Appellant now, for the first time, contends that the evidence does not support the allegations as to the prior convictions.

The record shows that the primary offense of which appellant was convicted was committed on December 8, 1951. There is testimony in the record that the offense of which appellant was convicted in Lubbock County was committed in the spring of the year 1946, and the Lynn County offense in 1942. Appellant was identified as the person who was so convicted in the two previous cases, and certified copies of the judgments and sentences were introduced.

In urging that the proof does not show that the offense for which appellant was convicted in Lubbock County was committed after the conviction in Lynn County on November 14, 1942, became final appellant has apparently overlooked the testimony of the witness F. R. Land, who identified appellant

as the defendant in said cause and fixed the time of the commission of the offense as in the spring of the year 1946.

Appellant's second motion for rehearing is overruled.