Inez Perry GRAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 36970.

Court of Criminal Appeals of Texas.

May 20, 1964.

Rehearing Denied June 24, 1964.

William F. Billings, Dallas, for appellant.

Henry Wade, Dist. Atty., Howard Weinberger, Don Koons and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a trial before the court without a jury, the appellant was convicted for driving while intoxicated, and the court assessed her punishment at three days in jail and a fine of $125.

The evidence of the state sufficiently shows that appellant was intoxicated while driving an automobile upon a public street.

Testifying in her own behalf, the appellant admitted that she had had three or four drinks of Canadian Club between 6 p. m., and about 10 p. m., before she was stopped by an officer in the neighborhood of Ross and Carroll while driving her automobile in Dallas and when asked, while testifying, if she was intoxicated she replied "I didn't think so." She also testified that any weaving of her car was due to looking for street signs as she was trying to locate a particular street.

The sole contention urged for reversal is that there is a fatal variance between the information and the proof, on the ground that the proof shows that the offense was committed after the information had been filed.

The complaint and information were filed on June 4, 1962, alleging that an offense was committed on or about May 30, 1962.

In beginning the examination of Officer Michael, who arrested appellant for the offense here charged, the state's attorney asked: "I would like to direct your attention to September 25th, 1962, that evening. Were you on Duty that evening?" The witness answered: "Yes sir, I was." Michael's testimony does not refer to any other time or date, except that after stopping the car on Ross Avenue appellant was driving about 11:25 p. m., he radioed for assistance.

Officers Nichols and Varner testified that in responding to a radio call for assistance from Officer Michael, about 11:25 p. m., May 30, 1962, they found the appellant sitting in the front seat of Michael's car on Ross Avenue. Officer Nichols further testified that when he saw the appellant on May 30 her eyes were watery and bloodshot, that she swayed while walking, and he smelled the odor of alcohol on her breath; and he expressed the opinion that she was intoxicated.

The testimony of the three officers and the appellant about what occurred after Nichols and Varner arrived at the scene of appellant's arrest by Michael on Ross Avenue, does not vary materially except on matters bearing on whether she was intoxicated.

■ The court or jury trying the case are authorized to accept or reject any or all of the testimony of any witness. They may look to all the evidence in the case, that offered by the state as well as that offered by the appellant, in determining the facts and issues in the case. Cross v. State, 100 Tex.Cr.R. 88, 271 S.W. 621; Spears v. State, 103 Tex.Cr.R. 474, 281 S.W. 555; Hall v. State, 158 Tex.Cr.R. 243, 254 S.W.2d 523; Lopez v. State, Tex.Cr.App., 356 S.W. 2d 674.

■ Estrada v. State, 88 Tex.Cr.R. 333, 226 S.W. 685, relied upon by appellant is not controlling here because from the opinion

it appears that all the state's evidence was that the offense occurred on a date different from that alleged, while here the court might believe all of Officer Michael's testimony except as to the date and accept the date given by the other officers.

The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.