**Ronald Eugene McDONALD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38198.**

Court of Criminal Appeals of Texas.

May 19, 1965.

Rehearing Denied Oct. 13, 1965.

Tom Upchurch, Jr., Amarillo, for appellant.

Dee D. Miller, Dist. Atty., Patrick H. Mulloy, Jr., Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty before the court on May 20, 1964, appellant was found guilty of receiving and concealing stolen property and his punishment was assessed at a term of six years. The execution of the sentence was suspended and probation was granted.

Among the conditions of probation was that the appellant commit no offense against the laws of this or any other State.

Following the granting of probation on May 20, 1964, the district attorney filed a motion to revoke on October 16, 1964, and a hearing on the motion was set for October 22, 1964. The motion alleged that the appellant on or about June 20, 1964, committed the offense of theft from the person of Georgia Adell Cook. It further alleged that the appellant on or about September 27, 1964, committed the offense of burglary by breaking and entering the house of J. B. Stephenson.

At the hearing on revocation, the evidence reveals that on the morning of September 29, 1964, the owner discovered that the glass was broken out of the front door of his Lotta-Burger Drive-In building, that $249 in money belonging to him was taken therefrom, and that he did not give anyone his consent to break and enter the building and take the money therefrom.

Curtis Ivery testified that he broke a window in the Lotta-Burger Drive-In, and then he, the appellant, and Gus Mitchell entered the building about 11 P.M. and took some money; that he saw the appellant in the building, and that, "I heard somebody say, 'get the money', and I thought it was McDonald (appellant)."

Testifying for the appellant, Bonnie Harper testified that she was with the appellant on the night of September 27, 1964, until 12:30 A.M. September 28, and that they did not see Curtis Ivery during that time.

Mrs. W. M. Cook testified that about 9 P.M., June 20, 1964, she and her husband were closing a grocery store which they operated, and as she arrived at the car carrying a money bag containing about $400 in money a man suddenly grabbed the bag and ran, but they were unable to apprehend him and never recovered any of the money.

The testimony of W. M. Cook corroborates that of his wife except he states that the money was taken on or about June 20, 1964. Neither Mr. nor Mrs. Cook was able to identify the appellant as the person taking the money.

Willie James Black testified that while he was with the appellant near the Cook Grocery Store on the night of September 27, appellant told him that he was going to take Mrs. Cook's money and for him (Black) to wait for him; that when he saw the appellant a short time later, "He (appellant) just said he got it," and the next day the appellant gave him $75.

On cross-examination Black testified that his conversation with the appellant about getting the money was on August 15; and that he saw the appellant during June, 1964.

Appellant contends that the trial court abused its discretion in revoking his probation.

To support his position he urges that the testimony about the dates of the commission of the two alleged offenses is confusing and contradictory; that the proof fails to show that he was actually involved in the burglary; and that the state failed to refute the alibi testimony of his witness Harper.

■ The statutory requirement that a conviction cannot be had upon the testimony of an accomplice unless corroborated is not applicable upon a review on appeal of a hearing to revoke probation. Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566.

■ Proof that the appellant participated as a principal in the commission of either

offense alleged would be sufficient to support the order of revocation.

 The result of such hearing is not a "conviction" but a finding upon which the trial court may exercise his discretion by revoking or continuing the probation. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589. A proceeding to revoke probation is not a criminal trial. Soliz, supra; Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774. On appeal, the review of proceedings in a probation hearing will be limited to a determination of whether or not the trial judge abused his discretion in revoking the probation. Soliz, supra; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317.

■ At the conclusion of the hearing, the judge was authorized to accept or reject any or all of the testimony of any witness. He may look to all the evidence in the case, that offered by the state, as well as that offered by the appellant, in determining the facts and issues before him. Gray v. State, Tex.Cr.App., 379 S.W.2d 910.

It is concluded that the trial court did not abuse his discretion in revoking the order granting probation.

The judgment is affirmed.

MORRISON, Judge (dissenting).

As I view this record, the testimony introduced by the State at the hearing to revoke appellant's probation is so conflicting and inconclusive as to make it mandatory that we hold that the trial court abused his discretion in revoking probation on such evidence.

In order to justify such a conclusion, I point out the following. The owner of the Lotta-Burger Drive-In testified that $249.00 was taken, yet the State's witness Ivery testified that he got only $7.00 from the burglary and that appellant got nothing. Ivery first testified that he saw appellant inside the Lotta-Burger Drive-In, but later said that he did not see him, but thought he heard him inside the burglarized premises. The Cooks, who readily admitted that they could not identify the appellant as the man who committed the theft, set the day of the theft from them as June 20, while the State's witness Black set the date of the theft variously at September 27, and August 15, and stated that this appellant gave him a portion of the proceeds on August 17. Black's testimony reflects that he did not see the appellant commit the theft.

To affirm this order of revocation would be abdicating the jurisdiction of this Court and nullifying the Act of the Legislature which gives the probationer the right of appeal from revocation as provided by Section 8, Article 781d Vernon's Ann.C.C.P.

I respectfully dissent.