CHARLIE JONES v. THE STATE.

No. 22297. Delivered November 18, 1942.

The opinion states the case.

*Chas. Roach* and *R. E. Eubank*, both of Paris, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for possessing an illicit beverage, i. e., whiskey, in a container to which no tax stamp was affixed

evidencing the payment of the tax due thereon; the punishment, a fine of $100.00.

That appellant sold to an agent of the Texas Liquor Control Board a half pint of corn whiskey, with no tax stamp affixed thereon, is undisputed in this record. The sale occurred at appellant's home, and at night. The facts, therefore, support the conviction.

Exceptions were reserved to the court's charge for its failure to charge on the law of circumstantial evidence and accomplice testimony requiring corroboration of an alleged accomplice witness.

The fact of appellant's possession of the whiskey being shown by direct testimony, no charge on circumstantial evidence was required. Whether the witness was an accomplice, as claimed by appellant, is immaterial, because a conviction may be had for the offense here charged upon the uncorroborated testimony of an accomplice. Art. 666-23a, Sub. 8, P. C.

Bills of exception appear, complaining of the admission of certain testimony. The bills of exception state no grounds upon which the objection was made, but merely certify that an objection was made to the evidence. Obviously, such bills of exception present nothing for review.

No error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.