FOSTER BROWN v. THE STATE.

No. 22995. Delivered December 13, 1944.
Rehearing Denied January 24, 1945.

The opinion states the case.

*Ruben Loftin* and *Tom M. Miller,* both of Graham, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction is for violation of the liquor laws with a fine of Two Hundred and Fifty Dollars and ninety days in jail.

The charge is the possession of whiskey for sale in a dry area. The Sheriff of Young County and his deputy secured a search warrant and went to appellant's place of business, a filling station on the highway near Olney, where they found a pint bottle of whisky with the seal unbroken and a four-fifths quart bottle out of which a small quantity had been taken. A witness for the State named McCombs was arrested by the Sheriff in the place and was charged with drunkenness. He paid his fine and testified in the case now before us that he was not drunk but was sick; that he had just bought the larger bottle of whiskey from the accused and paid twelve dollars for it, and had only taken one drink. The pint bottle was found in another and different room and appellant's wife testified claiming it as her own. She presented a copy of a doctor's prescription for the use of whiskey in preparing a medicine to make her sleep at nights. This issue was submitted to the jury and they were instructed that if the pint belonged to his wife they could not convict appellant. While the court gave this charge at the request of the appellant it was not necessary to a proper submission of the case for the reason that Winston McCombs testified he had purchased the larger bottle just before the arrival of the officers and this evidence would support the verdict even though the remaining pint did belong to the wife. However, it was submitted on that theory, in the manner requested, and the jury found against appellant.

The appellant and his wife lived in a cottage a few feet away from the filling station and on the same tract of land. The search warrant in the case called for the search of the residence as well as the filling station and the attack is made on the search warrant because the affidavit therefor was not signed by a sufficient number of persons to authorize the issuance of a search warrant for a private residence. If the officers had searched the residence this contention would have been tenable. The affidavit was sufficient to authorize the issuance of a search warrant for

the filling station and that alone was searched, consequently the question is not in the case before us.

Bill of Exception Number Two complains of the introduction of the whiskey in evidence and makes the contention that the search warrant was not served on the accused. We note, however, that Bill of Exception Number Four quotes the Sheriff as saying: "I did go into his place of business at that time; I went into the cafe part, *we served him with a search warrant.*" In view of the statement by appellant in his Bill of Exception Number Four we are unable to give the construction to his Bill Number Two which he contends should be made. If there had been an issue of fact as to the service he probably would have asked that the jury pass on it. All requested special charges were given and we find no exceptions lodged against the charge. Bill of Exception Number Three sets out the purported evidence of appellant, Foster Brown, on the subject and gives his version of the things done in serving the search warrant. However, we fail to find in the statement of facts any reference to the testimony of Foster Brown and are unable to appraise this bill in the absence of such statement of facts. Bill of Exception Number Five relates the evidence of the Deputy Sheriff on the same subject but we do not consider it as modifying the statement quoted from the Sheriff in appellant's Bill of Exception Number Four.

Bill of Exception Number Six complains of the argument of the County Attorney. This Bill is qualified by the court and as qualified definitely does not show error. Appellant contends that he excepted to the court's qualification and that his bill shows error. In the first place the bill would not show error even if the argument was made as contended. Furthermore, the bill is defective in that it fails to state the necessary facts to show that the argument was not in answer to some argument of defense counsel or not otherwise provoked. Finally the record does say "To which qualification Defendant *Accepts*," but this is below the Judge's signature and, therefore, not certified by him. We hold the qualification to be a part of the bill under this record.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of the fact that the search

warrant in the possession of the peace officers was based upon an affidavit signed by only one person. This complaint might have been justified had a search been made of appellant's private residence, but the testimony shows that the officers only searched appellant's filling station, and but one affidavit is necessary for the search of such a building or place, and it is our judgment that no error can be predicated upon the fact that such affidavit is signed by but one credible person. See Art. 666-20, Vernon's Ann. Penal Code.

Appellant contends because in his bill of exceptions No. 2, taken to testimony before the court in the absence of the jury, it is stated that the officers never gave or read to appellant the search warrant, that therefore no testimony obtained in said search was admissible. The burden of his objection is the failure of the officers to "serve" the warrant upon appellant. By the word "serve" we suppose is meant to read the warrant to appellant. We think a reading of the record would disclose that appellant waived the reading of this warrant. The testimony of the two officers shows that they informed appellant that they had a warrant authorizing them to search his place of business, and he said: "All right, go ahead." It is further shown that they did have a search warrant, which appears to be sufficient under the law, and they did search his place of business and found the liquor. Had the search warrant been based upon an insufficient affidavit, a different question might have arisen, but under the circumstances here present we think appellant could waive the reading of same, and his waiver precluded the necessity of a further reading or exhibition of the warrant. See 38 Tex. Jur., Secs. 53 and 54, pp. 77-78.

We are of the opinion that the views expressed in our original opinion properly dispose of this cause, and the motion for a rehearing is therefore overruled.