THOMAS TAYLOR V. THE STATE.

No. 22985. Delivered December 20, 1944.
Appellant's Motion for Rehearing Overruled (Without Written Opinion)
January 24, 1945.

The opinion states the case.

*Harvey P. Shead,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of five years.

On the 13th day of August, 1941, the Grand Jury of Harrison County returned an indictment against the appellant charging him with the murder of Harry Bechtold by shooting him with a gun. After two trials were had in said county which resulted in hung juries, the court changed the venue of the case from Harrison to Marion County, where appellant was tried with the result above stated.

The evidence adduced by the State, briefly stated, shows that appellant and the deceased were brothers-in-law, having married sisters. Appellant was employed by the wife of the deceased as a truck driver of a gasoline truck to deliver gasoline to various filling stations engaged in the sale of gasoline. Appellant also owned and operated a filling station. On the day of the homicide, appellant and his wife had gone to Shreveport. The deceased and his wife had also gone there but the parties did not meet while in that city. On their way home, the deceased and his wife overtook the appellant and caused him to stop, when the wife of the deceased accused appellant of having filled the tanks of his filling station with gasoline from her truck without paying for it or mentioning it to her. She demanded the key to the truck. This precipitated a rather heated argument or controversy in which the deceased did not, by word or act, take any part. Appellant and his wife then drove to the home of her father, Dan Mayhaw. After they had been there about thirty minutes the deceased and his wife drove up in an automobile, got out and entered the home of Mayhaw for the purpose of getting a drink of water, and then returned to their automobile for the purpose of leaving. At this juncture appellant got out of his car with a rifle. When deceased noticed it, he got out of his car. As he started around to the rear of his car, he asked appellant to come and talk it over with him, whereupon appellant shot him in the chest, and after he had fallen to the ground, he shot him through the head.

Appellant pleaded self-defense and testified that when the deceased came out of the house and went to his car, he reached into the pocket thereof, which induced him (appellant) to believe that he was going to get a gun, whereupon he shot the deceased. Appellant also proved threats on the part of the de-

ceased to kill him. He further proved a good reputation for himself as a lawabiding citizen. He denied that the truck belonged to the wife of the deceased and testified that they owned the truck together. He also denied that he had ever taken any gasoline without paying for it.

No weapon of any kind or character was found on the body of the deceased or any where near it.

Appellant brings forward four bills of exception in which he complains of the argument of the prosecuting attorney. These bills are deficient in that they fail to show that the argument was not provoked or invited by appellant's counsel. See Sanchez v. State, 181 S. W. (2d) 87, and cases there cited.

The evidence being sufficient to sustain the conviction, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.