## PRIMITIVO REYES V. THE STATE.

No. 23213. Delivered November 7, 1945.

The opinion states the case.

*W. A. Hogan,* of San Antonio, for appellant.

594

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault with intent to murder upon one Chow Lung, a Chinese, and awarded a penalty of five years in the penitentiary.

The State's evidence presents an unprovoked assault upon the part of appellant with a knife containing a blade of about four inches in length, with which eight stab wounds were made upon the body of Chow Lung.

Appellant's defense shows an effort upon the part of the complaining witness toward familiarity with one Martha Diaz, whom appellant claimed as his wife, and the fact that it was claimed Chow Lung had slapped Martha at an earlier date because she refused to have dates with Lung, and, being accosted by appellant, the complainant had struck appellant, and the cutting of Lung then occurred in appellant's self-defense. This latter version of the transaction was refused credence by the jury.

There are no exceptions to the charge of the court, nor special charges requested. There are three bills of exceptions in the record.

Bill No. 1 complains of the action of the trial court in allowing the use of an interpreter of the Chinese language on the ground that the witness Lung "understood and spoke the Spanish language a little, not much, and defendant did not understand or speak the Chinese language," and defendant requested that the witness testify in the Spanish language through the regularly employed Spanish interpreter. This the trial court refused to do, but allowed the Chinese witness to testify in the Chinese language, which testimony was interpreted by a Chinese language interpreter, into the English language. There was no contention that such witness' testimony was improperly interpreted. Evidently the witness was not able to use the English language sufficiently to properly convey his version of this transaction to the minds of the jury, and we see no error in allowing him to give his statement thereof in a language with which he was familiar, such being correctly conveyed to the jury by one familiar with both languages.

Bill No. 2 relates to the objected to exhibition before the

jury of certain scars and healed wounds upon the body of the injured Chinaman. We gather from the evidence that the injured party was severely injured by knife wounds, eight in number, so he said,—only two in number so appellant said, the major portion thereof being in or near vital organs of the body. The physician who attended Chow Lung pointed out the wounds, and also explained to the jury a further scar which had been made by the physician in removing a kidney, these wounds on the body being so located that they could not be shown without also bringing into view of the jury the scar made by the kidney operation, such operation being necessary on account of a damaged kidney by means of the knife wounds.

There is naught shown relative to the revolting appearance of these wounds, nor any reason why they should have inflamed the minds of the jury, and the attending physician in his testimony negatived the fact that the operation scar was one made by appellant's knife. We are of the opinion that no error is evidenced by this bill. See McMurrey v. State, 168 S. W. (2d) 858; Louks v. State, 185 S. W. (2d) 109, and cases there cited.

Bill No. 3 complains of the following remark of the prosecuting attorney to the jury: "This husky 25-year old man (referring to the defendant) is here in civilian clothes, while thousands of our boys are fighting overseas." Upon appellant's attorney's objection to such remark the trial court promptly instructed the jury to disregard the same and not consider such remarks for any purpose. Evidently the jury saw the appellant and the clothing he wore; it was a matter of common knowledge that thousands of American boys were fighting overseas at such time, which fact the jury also knew, and we do not think this casual reference to plain and obvious facts could have been so damaging to appellant that same could not be controlled by the prompt instruction of the careful trial court. We find this bill to be deficient in that it merely contains the above excerpt as objected to, and fails to show what preceded such remark, and fails to show that such remark was not provoked nor invited by remark of defense counsel. See Fuller v. State, 180 S. W. (2d) 361; Taylor v. State, 184 S. W. (2d) 621; Cavazos v. State, 186 S. W. (2d) 990.

Finding no error presented in the record, the judgment is affirmed.