## W. E. CARPENTER V. THE STATE.

No. 23274. Delivered January 23, 1946.
Rehearing Denied February 20, 1946.

The opinion states the case.

*W. J. Baldwin,* of Beaumont, and *W. H. Hall,* of Newton, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of keeping and exhibiting a gaming table, to-wit, a Do and Don't Dice Table. The punishment assessed is confinement in the state penitentiary for a term of two years.

The indictment in this case contains three counts, in the first of which appellant is charged with unlawfully keeping and being interested in keeping a certain building, room and place there situate, for the purpose of being used as a place to bet and wager, etc. In the second count he is charged with unlawfully keeping and exhibiting for the purpose of gaming, a gaming table, to-wit, a Do and Don't Dice Table. In the third count he is charged with knowingly permitting certain property and premises then and there owned and controlled by him to be kept for the purpose of being used as a place to bet and wager and to gamble with dice, etc.

When this case was first called for trial in the District Court of Orange County, the State, in due time, filed a motion for a change of venue. Appellant addressed a number of exceptions to the motion and also denied all the allegations therein. The court heard evidence, and at the conclusion thereof, appellant filed a motion in which he prayed that in the event the court changed the venue, the same should be changed to Jefferson County, since the county seat of said county was nearest to the county seat of Orange County. However, the court found that the same and similar conditions existed in Jefferson County as in Orange County, and therefore changed the venue of the case to Jasper.

County, the adjoining county to Orange County and being in the same judicial district.

Appellant complains of the action of the trial court relative to the change of venue of the case. We do not deem it necessary to enter upon an extended discussion of the complaints because when the case was called for trial in the District Court of Jasper County, appellant, by and through his attorney, agreed with the District Attorney that the case was properly transferred on a change of venue from the District Court of Orange County to the District Court of Jasper County; that in transferring said case all the requirements of the law had been complied with; that it was properly before the District Court of Jasper County. This stipulation appears in the statement of facts which is signed by the District Attorney and the appellant's attorney, and is approved by the trial judge. In our opinion, this disposed of any question as to the correctness of the action of the court in changing the venue of the case to Jasper County. However, in the absence of such an agreement, we see no error reflected by the bill under the holding of this court in the case of Pickett v. State, 189 S. W. (2d) 741.

The court submitted the case to the jury on the second count of the indictment.

We will now discuss appellant's complaint which relates to the court's action in declining to sustain his plea of immunity in bar of the prosecution in this case. He claims that on the night of the alleged offense, he entered a plea of guilty before the Justice of the Peace of Precinct No. 4 of Orange County, to a complaint in which he was charged under Art. 628, P. C., with the offense of permitting intermittent gaming prohibited by law to be played upon his premises and upon premises under his control, etc. He bases his contention on Art. 639, P. C., which provides as follows:

"Any court, officer or tribunal having jurisdiction of any offense enumerated in this chapter, or any district or county attorney, may subpoena persons and compel their attendance as witnesses to testify as to the violation of any provision of the foregoing articles of this chapter. Any person so summoned and examined shall not be liable to prosecution for any violation of said articles about which he may testify," etc.

The conviction in the instant case was for the offense of unlawfully keeping and exhibiting for the purpose of

gaming, a gaming table, to-wit, a Do and Don't Dice Table, which is an offense denounced by Art. 619, P. C. This is an entirely different offense from the one charged in the complaint pending in the Justice Court to which he entered a plea of guilty. The penalty prescribed for the offense denounced by Art. 619, supra, is a felony, while the offense denounced in Art. 628, supra, to which he entered a plea of guilty in the Justice Court, is a misdemeanor. Appellant did not testify, nor was he asked or required to testify on his trial in the Justice Court. Consequently, Art. 639, supra, is not applicable in the instant case under the facts stated. His plea of guilty to the offense denounced by Art. 628, supra, was but an admission by him that he was guilty of said offense. There is not a word in the record that the offense for which he was on trial in the instant case was mentioned or referred to by him in his plea of guilty. It is our understanding that in order for a person to be able to avail himself of immunity under Art. 639, supra, the burden is upon him to show that he was summoned as a witness and examined relative to a violation of the particular statute under which he is being prosecuted. In support of what we have said here, we refer to the case of Tutt v. State, 29 S.W. 268.

In the case of Kain v. State, 16 Tex. App. 282, (in fact p. 311) this court, speaking through Judge Hurt, made the following observations:

"Let us suppose that the witness has been engaged in keeping and exhibiting banks and tables for two years prior to the commencement of the prosecutions against him; that some of his patrons have been prosecuted for betting at these games, and that the witness was subpoenaed and examined by the State in these prosecutions; that he testified to the keeping and exhibiting of and betting at these games, on a particular day or time; now, will the fact that he was subpoenaed and examined in relation to this particular transaction relieve him from all prosecutions for violation of the provisions of these articles 'about which he testified'; or will he be exempt from prosecutions only as to the particular transactions about which he testified? The privilege is granted him of being exempt from prosecution in consideration of the right to refuse to answer questions criminating himself, which the statute takes away from him. So far as by virtue of the statute he has been compelled to testify as to any particular violation of the law the statute will protect him, but we see no reason why it should grant him any broader protection than that of which he has been deprived."

In the present instance, the record fails to show that appellant testified to this particular transaction before the Justice of the Peace. Therefore, his plea of immunity cannot avail him. See Johnson v. State, 141 S. W. 493; also 20 Tex. Jur. p. 613, sec. 11.

By Bill of Exception No. 3 appellant asserts that he was required to accept three jurors who had served in the case of The State of Texas v. Hyde, wherein Hyde was charged with an offense similar to that for which appellant was on trial but at an entirely different place. It appears from the bill that appellant raised the question for the first time in his motion for a new trial. This was entirely too late. He could not sit quietly by and accept three jurors and then after conviction complain thereof. Therefore, the bill, as brought forward, presents nothing for review.

In connection with the foregoing bill, we desire to make the further observations: Appellant cites us to Section 8 of Article 616, C. C. P., as sustaining his contention. That section provides that if a person has "'served on a petit jury in a former trial of the same case" it constitutes a challenge for cause. Therefore, that section of the article is not applicable here for the reason that Hyde, although charged with a violation of the gaming law at a different place, was tried by a jury, three of whom thereafter sat in the trial of the appellant. This would not constitute a ground for challenge. To so hold, when followed to its logical conclusion, would be cause for challenge of any person who had ever sat in the trial of a murder, burglary or theft case to thereafter sit as a juror in any such case.

By Bill of Exception No. 4 appellant complains of the testimony given by David O'Fiel under examination by the District Attorney, a portion of which is set out in the bill. The bill then concludes with this statement:

"And the defendant objected to such testimony, and the defendant here tenders this Bill of Exception No. Four and asks that same be filed as part of the record in this cause."

The court qualified this bill and in his qualification thereof directs our attention to the statement of facts which sets out the testimony of the witness, David O'Fiel. The bill is further qualified as follows:

"No objection was made by counsel for defendant to the testimony quoted in said Bill of Exception."

Appellant having accepted the bill as qualified, he is bound thereby. We see no error reflected therein. Moreover, it is the rule in this state that a bill of exception must show that the evidence objected to was inadmissible and specify the reasons or grounds for its exclusion in order that the court may be advised of the purpose of the objection. See Pipher v. State, 144 Tex. Cr. R. 238, 162 S. W. (2d) 101; Jones v. State, 145 Tex. Cr. R. 54, 165 S. W. (2d) 999; 4 Tex. Jur. p. 308, sec. 214, and authorities cited.

Bill of Exception No. 5 complains of Section 4 of the court's main charge wherein he instructed the jury "that this defendant now stands charged with exhibiting a Do and Don't Dice Table," and in Section 6 instructed them "that if this defendant was only a player and was not the keeper or exhibitor for the purpose of gaming at a gaming table, you will acquit the defendant W. E. Carpenter." The bill concludes with the following statement:

"The foregoing Bill of Exception is here now tendered and defendant asks that same be filed as part of the record in this cause."

It occurs to us that this purported bill does not really constitute a bill of exception. The court's charge, when considered as a whole, seems to be a fair application of the law to the facts, to which appellant filed no objections or exceptions; neither did he request a special charge.

Bills of Exception Nos. 6, 7, and 8, each relate to certain remarks by the District Attorney in his closing argument to the jury. Each of the bills recites that the Honorable Joe Fisher, "in his closing argument to the jury, made the following remarks," and then concludes with the statement, "that counsel for the defendant, after such remarks were made by counsel for the State of Texas, objected to such argument and asked the Court to instruct the jury not to consider that part of his argument." It occurs to us that these bills are all deficient in that they do not show that such argument was not provoked or invited by counsel for appellant, nor that it was not a reasonable deduction from the evidence. See Sanchez v. State, 181 S. W. (2d) 87; Taylor v. State, 184 S. W. (2d) 621; Brown v. State, 184 S. W. (2d) 840; Cavazos v. State, 186 S. W. (2d) 990; France v. State, 187 S. W. (2d) 80.

By Bill of Exception No. 9 appellant complains of certain testimony given by the witness, Klevenhagen, to which he ob-

jected. No grounds of objection are stated, and the court was not advised by appellant upon what theory or basis he objected to the same. It is the established rule, and always the better practice, that, in objecting to the testimony, the accused should make known to the trial court the grounds or basis of his objection. Of course, there are exceptions to the general rule. One of these is that if the testimony so offered is obviously hurtful and is not admissible for any purpose, the objection to the introduction thereof will not be held defective for the failure to state the specific grounds upon which the objection is made. Under the facts disclosed by the record in the instant case, we think that the general rule, and not the exceptions thereto, is applicable here.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant reiterates his reliance upon the operation of Art. 639, P. C. in furnishing him immunity from prosecution under the felony statute relative to keeping or exhibiting any gaming table, etc. It is shown by the record that upon the arrest of appellant in the raid by the ranger, he and the ranger repaired to the office of the justice of the peace; there appellant pleaded guilty to a violation of Art. 628, P. C., it being the article prohibiting the permitting of intermittent gambling in premises under one's control, and appellant there paid $25.00, the lowest fine prescribed therefor, as well as the fines of others present at the time of the raid. It is not shown that he was sworn as a witness at such time, nor that he testified to any fact before such justice, but merely pleaded guilty and paid such fines. He was not summoned as a witness, nor examined as such, and cannot now claim the provisions set forth in Art. 639, P. C. He was charged herein by indictment with keeping and exhibiting for gaming purposes a "Do and Don't" dice table, a felony, and an entirely different offense from that denounced by Art. 628, P. C.

We think the original opinion herein correctly disposes of all matters complained of in the trial hereof, and the motion will therefore be overruled.