# MARCH, 1947

ROBERT ALAMO V. THE STATE.

No. 23571. Delivered February 5, 1947.
Rehearing Denied March 19, 1947.

*Roger Lewis,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Theft from the person is the offense; the punishment, two years in the penitentiary.

The injured party was positive in her identification of the appellant as the person who suddenly grabbed, or, as she says, "snatched" her purse containing $20.00 in money, as she was walking near her home at night.

Appellant did not testify. The defense of alibi was presented.

The facts are sufficient to support the jury's finding.

The only bills of exception appearing in the record complain

of argument of State's counsel. In none of these is it disclosed or stated that the argument complained of was not in reply to argument of appellant's counsel, or provoked or invited. The bills do not, therefore, reflect improper or prejudicial argument. See Sanchez v. State, 181 S. W. (2d) 87; Cavazos v. State, 186 S. W. (2d) 990. Moreover, the argument complained of in each bill did not violate any statutory or mandatory rule and was not, obviously, hurtful upon its face. It cannot be said that appellant was injured thereby, in view of the infliction of the minimum punishment.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion of portions of the Assistant District Attorney's argument to the jury and presents in his Bill No. 1 all of such argument and excepts to isolated portions thereof in further bills. Some of the arguments objected to should doubtless not have been made. However, the careful trial court sustained objections to those that he thought were improper and instructed the jury to disregard the same. Unquestionably the jury had a sufficient amount of testimony to show the guilt of appellant; and there was testimony in the record to show that appellant was in possession of other property not his own which was claimed by and restored to persons other than appellant. This unobjected to testimony was probably the basis of the remarks by the State's attorney, which we think were proper deductions from the testimony. Under the facts admitted in evidence, we are impressed with the conclusion that the State fully proved the appellant's guilt beyond a reasonable doubt. The verdict of the jury assessing a penalty of two years was the lowest allowed by the statute. Evidently the appellant did not suffer any harm from such remarks, and we express the opinion that no error is shown in all these bills.

The motion will therefore be overruled.