## OSCAR SHELTON V. THE STATE.

No. 23607.  Delivered March 19, 1947.
Rehearing Denied April 16, 1947.

*Fred A. Semaan,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of an assault with intent to commit rape and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

He brings forward a number of complaints. His first contention is that the evidence is insufficient to sustain his conviction of the offense of an assault with intent to rape.

The State's evidence, briefly stated, shows that on the night of the 17th day of March, 1946, while Carlos Rosas and Celestina Robledo were sitting in an automobile which they had parked on a side road north from West Commerce Street beyond the Lady of the Lake College, appellant, accompanied by a negro woman, drove up behind them in an automobile with a spot light. He got out of his car and inquired of the young people what they were doing. He took Celestina by the arm and commanded her to get out of their car and enter his automobile stating at the time that he was going to carry her to the courthouse, but instead of going towards the courthouse, he carried the negro woman home and he then drove in another direction in a sparsely settled part of the city. There on a side road he tried to push her down on the front seat of his car, unbuttoned his pants, placed his arm around her, and attempted to raise her dress. During this occurrence, she cried for help at which time she saw the light of another car and told him that he was not going to get away with it. He then desisted, drove back to West Commerce Street and let her out. She caught a bus, went to the courthouse and reported the matter to the officers. A short time later appellant was arrested not a great distance from where he made Celestina enter his automobile. He was identified by both Carlos and Celestina as the man who assaulted her. Appellant did not testify or offer any affirmative defense. He filed a plea for suspension of sentence and proved by two witnesses that he had a good reputation as a peaceable and law abiding citizen. The question of whether he intended to have sexual intercourse with her at any and all events notwithstanding she resisted, and whether or not he voluntarily desisted or was induced to do so by seeing the lights of an approaching automobile were issues of fact for the determination of the jury under appropriate instructions from the court, and this court would not be authorized to disturb the conclusions of the jury on the issues of fact. See Washington v. State, 51 Tex. Cr. R. 542.

Bill of Exception No. 1 appears to us to be multifarious, because he complains therein of separate, distinct, and unrelated

remarks by the prosecuting attorney in his argument to the jury, and the same could be disposed of on that ground. See Tex. Jur. Vol. 4, Sec. 178, page 253, and Miller v. State, 84 S. W. (2d) 459. However, we have examined the bill and find nothing therein which violates a mandatory provision of a statute or is of such a nature as was calculated to arouse the passions of the jury to the prejudice of appellant.

By Bill of Exception No. 2 he complains of the following remark made by the assistant district attorney in his argument to the jury: "The only witness that testified for the defendant testified to the matter of character. There is no testimony about him not taking the girl out on the road." Appellant objected to the remark on the ground that it referred to appellant's failure to testify since there was no testimony that there were other witnesses who could have taken the stand in behalf of defendant to deny and rebut such testimony. The court reprimanded the district attorney and instructed the jury not to consider it. The record shows that a negro woman was present at the time appellant made her get into the back seat of his car, but he did not call her as a witness. It occurs to us that the attorney's remarks was not a reference to appellant's failure to testify but his failure to call the woman who was present at the time and place mentioned.

By Bill of Exception No. 3 he complains of the following remarks by the district attorney in his argument to the jury. "No case has ever been presented that warranted a severe sentence. No more pointed case could be presented to a jury." He objected thereto on the ground that it was inflammatory and prejudicial and was unsworn testimony. The court sustained the objection and instructed the jury not to consider the same. He contends, however, that notwithstanding the court's instruction to disregard the same, the evil effect thereof could not be withdrawn. We are unable to agree with him. It is not every improper remark that calls for a reversal of a judgment of conviction. Unless the remark complained of violates some mandatory provision of the statute or is obviously hurtful, it would not require a reversal. We see nothing in the bill that would require a reversal of the case. See Woodland v. State, 184 S. W. (2d) 625, Stewart v. State, 188 S. W. (2d) 167, Dodson v. State, 192 S. W. (2d) 451.

Finding no reversible error, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing presents two questions, both of which were considered in the original opinion. The most serious of these, which gave the court considerable concern on original submission, challenges the sufficiency of the evidence to sustain the conviction.

The chief point at issue is whether or not the evidence indicated a sufficient determination of mind to meet the requirements of law and warrant a finding of guilty of an assault with intent to rape. On this point the question is quite close, but the state's case is aided much by the testimony of the girl who twice said that the reason appellant desisted from his efforts to have intercourse with her was because the lights of an automobile appeared nearby. The admissibility of this evidence is not challenged, and it is quite pertinent to the issues. If that be the reason for his abandoning his effort to force her to submit to him, then all question of lack of intent would be removed from the case, for his chief reliance is based on the claim that he was strong enough and could have forced the girl to submit to him, and probably would have done so if he had had such intention. Considering this evidence, together with all of the facts and circumstances of the case, it is our opinion that the finding of the jury is supported. Everything which he did was over her protest and there is no evidence that she, at any time, encouraged him in the venture. The original opinion sets this out and it need not be here repeated.

The next question which we are asked to again consider is the complaint relating to the closing argument of the assistant district attorney, as set out in Bill of Exception No. 2. The writer might have a different view to that expressed in the original opinion if the bill presented the matter properly for consideration. We do not think it is prepared in accordance with the requirements of this court, which have been many times, and recently, fully discussed. It is incumbent upon the appellant, in preparing his bill, to incorporate into it all of those things required to show error. It has always been the holding of the court that objection to the argument of the state's attorney must be made at the time the argument was made, and the bill must show that the argument complained of was not in

reply to any argument made by the defense and that it was neither invited nor provoked by the argument of the defendant's counsel. The bill in the record now before us, complaining of such argument, makes no effort whatsoever to comply with this rule. See Brown v. State, 184 S. W. (2d) 840; Texas Jurisprudence, Vol. 4, Sec. 263, under Appeal and Error—Criminal Cases, at page 396; Article 667, Vernon's Ann. C. C. P., and cases cited under note 31.

We again conclude that the record does not show reversible error, and appellant's motion for rehearing is overruled.