JOHN SANDERS V. THE STATE.

No. 23696. Delivered June 11, 1947.
Rehearing Denied October 22, 1947.

*Dibrell, South & Snodgrass,* of Coleman, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of possessing intoxicating liquor in a dry area for the purpose of sale, and his punishment was assessed at a fine of $100.00 and thirty days in the county jail.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

The record reflects that the Sheriff of Brown County armed with a search warrant and accompanied by two other officers went to appellant's home and in his absence searched it. As a result of the search, the officers found seven quarts of whiskey, two bottles of beer in an ice box, four pints of whiskey under the bed, five cases of canned beer and seven pints of whiskey in another room besides seventeen cases of empty beer bottles. Appellant testified and so did his wife that he did not possess the whiskey for sale; that four pints found under the bed had been given him by Will Bevans and was his whiskey as well as the two bottles of beer; that the remainder of the whiskey found by the officers belonged to a man whom he had known at Menard, Texas; that this man left the whiskey there in the morning stating that he would get it that night; that this man gave him four pints of the whiskey for the privilege of leaving the whiskey at his, appellant's, home We deem the evidence sufficient to sustain his conviction.

His next complaint relates to certain remarks made by the County Attorney in his closing argument to the jury. The bill of exception is insufficient to reflect error, in this, that it fails to show that the argument complained of was not provoked or invited by appellant nor that it was not in reply to the argument of appellant's counsel. See Shelton v. State, 200 S. W. (2d) 1004, Alamo v. State, 200 S. W. (2d) 161, Cavazos v. State, 186 S. W. (2d) 990, Carpenter v. State, 192 S. W. (2d) 268, Taylor v. State, 184 S. W. (2d) 621, and Tex. Jur. Vol. 4, page 290.

However, when appellant made his objection to the argument complained of the court orally instructed the jury not to consider it for any purpose. This being a misdemeanor case, if appellant desired further instruction on the subject, he should have prepared a written charge. See Parroccini v. State, 90 Tex. Cr. R. 320, Ingram v. State, 78 Tex. Cr. R. 559, and Dupree v. State, 80 Tex. Cr. R. 211 (190 S. W. 181.)

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In this case there was no direct testimony that appellant possessed intoxicating liquor for the purpose of sale. His guilt is made to depend upon an application of the prima facie evidence rule. (Art. 666-23a, P. C.)

Appellant contends that the presumption arising from such rule was overturned by his affirmative defensive testimony that he did not possess the liquor and beer for the purpose of sale together with proof of his good reputation.

The jury rejected appellant's defense.

The prima facie evidence rule authorized the jury's conclusion of guilt. For us to say, under such circumstances, that the facts are insufficient to support the verdict would be to hold invalid the prima facie evidence statute. We have held to the contrary. Soneham v. State, 99 Tex. Cr. R. 54, 268 S. W. 156; Newton v. State, 98 Tex. Cr. R. 582, 267 S. W. 272.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.