CLEVELAND STOVALL, JR., V. STATE.

No. 24329. April 6, 1949.
Rehearing Denied June 22, 1949.

*Marvin Beaty,* of Fort Worth, for appellant.

*Stewart W. Hellman,* Criminal District Attorney, and *W. H. Talbert,* Assistant Criminal District Attorney, both of Fort Worth, and *Ernest S. Goens,* Austin, for the state.

KRUEGER, Judge.

Appellant was convicted of the offense of rape, and his punishment was assessed at death.

On the morning of the 16th day of August, 1948, while the prosecutrix was in the washhouse located at the rear of her residence washing the family linen, appellant appeared and asked for a drink of water. She directed him to a hydrant located in the front part of the yard. After he had obtained a drink, he left the premises; but in a short time returned to the washhouse where his intended victim was engaged in her work and with an open knife in his hand remarked, "Don't scream, I am already wanted for murder," and then placed his hand in which he had the open knife on her throat and said to her that he was going to have sexual intercourse with her. He forced her to lie down on the floor in the washhouse and succeeded in having carnal knowledge of her by the use of the knife and serious threats. As soon as appellant had accomplished his purpose and had left, the prosecutrix ran something like six city blocks to the home of Mrs. W. J. Johnson and reported what had happened. She was crying, highly nervous, and in a hysterical condition. Early in the afternoon of the same day appellant was arrested, carried to the city of Fort Worth, and placed in jail where he made a voluntary confession to the district attorney in which he admitted that he had had an act of sexual intercourse with prosecutrix because she was afraid of him; that she did not do so willingly. This written confession was put in

evidence by the state without objection. However, on his trial appellant took the witness stand and testified that on one or two previous occasions she had gone to a tourist court with him where they engaged in sexual intercourse, and that on the day in question when he asked her for sexual favors, she readily consented. The foregoing is a brief summary of the salient facts proved on the trial.

Appellant brings forward three complaints by separate bills of exceptions.

Bill of Exception No. 1 reflects the following occurrence: While A. D. Carter, a deputy, was testifying in behalf of the state that when they received a report of what had happened he knew exactly where the Seth Barwise place was located; that he and Mr. Roberts went there immediately and made some inquiry relative to the direction the offender had gone; that about 2:30 p. m. they arrested appellant at the head of a slough leading into Lake Worth; and then the district attorney inquired of him, "What was your main idea?" to which the witness replied, "Feeling was running high out there." Appellant objected on the ground that it was inflammatory. The court sustained the objections, but no request was made by appellant for any instruction to the jury. The court qualified this bill and in his qualification stated that like testimony from other sources was introduced without objection. The bill as thus qualified fails to reflect error. It is the settled rule in this state that whenever testimony is introduced without objection which is of like character as that objected to, a reversal of the judgment will not be required.

Bill of Exception No. 2 shows that the district attorney, in his closing argument, said, "Defendant's attorney, Marvin Beaty, connived and schemed with defendant in making the statements on the witness stand as to cooking up a stinking story that defendant met the assaulted party on Jones Street in Fort Worth in 1945 and had sexual intercourse with her." Appellant claims in his bill that he objected thereto on various grounds stated in the bill. The court qualified the bill and in his qualification states that he declined to certify that the argument was not in reply to that of appellant's counsel nor that the objections appearing in the bill were made by defendant's counsel; that the only objection made was as follows: "We take exception to Mr. Clyde's speech, where he said, 'the attorney, Marvin Beaty, connived and schemed with defendant in making statements on the witness stand as to his cooking up a stinking story;'" that no other objection or exception was taken; neither

does the court certify that the argument was not a legitimate deduction from the evidence. Appellant accepted the bill as qualified and is bound thereby. However, the record shows that the state, in the development of its case, introduced appellant's voluntary confession which he made a few hours after the commission of the offense and after his arrest wherein he said nothing about having previously had sexual intercourse with the prosecutrix for hire or pay, whereas, on the witness stand he did so testify. This would justify the conclusion expressed by the district attorney that appellant, between the time he made the confession and his trial, had cooked up a story; however, he should not have included appellant's attorney as having connived with appellant in doing so. The attorney was appointed by the court to represent appellant on the trial of this case and, according to the record, performed the onerous duty very well.

By Bill of Exception No. 3 he complains of a certain remark by the district attorney in his closing argument to the jury. The bill recites what appellant's counsel had said in his argument and then recited what state's counsel said in reply thereto. This definitely shows that appellant's counsel invited and provoked the remark complained of notwithstanding he states in the bill that it was not invited or provoked. Under the facts as disclosed by the bill, we do not think any reversible error is shown. The court also qualified this bill and in his qualification states that he declined to certify that the argument complained of was not in reply to the argument of appellant's counsel, neither does he certify that the objections appearing in the bill of exception were made by defendant's counsel; that the only objection made was as follows: "We take exception to Mr. Clyde's speech where he said, 'the attorney, Marvin Beaty, connived and schemed with the defendant in making statements on the witness stand as to cooking up a stinking story.'" No special charge was requested to have the jury instructed not to consider the same or to have it withdrawn. Appellant accepted the bill as qualified and is bound thereby.

It is the settled law in this state that argument by state's counsel constitutes reversible error only when the language complained of is manifestly improper, harmful and prejudicial or when it is in violation of a mandatory provision of the statute, or some new and harmful fact is injected into the case. See Dinklage v. State, 198 S. W. 2d 578, and cases there cited.

The jury heard his written confession read; they heard him testify; they saw his conduct and demeanor on the witness

stand and no doubt observed the material difference in his confession and his testimony.

No reversible error is reflected by the record; the judgment of the trial court is affirmed.

Opinion approved by the court.

HAWKINS, Presiding Judge.

Appellant predicates his motion for rehearing upon the claimed errors reflected by Bills of Exception Nos. 2 and 3, complaining of the argument of the district attorney.

In qualifying Bill No. 3, the court certifies that no other objection was made to said argument save that complained of in Bill No. 2. This qualification destroys the bill. It was accepted without objection and the appellant as well as this court is bound thereby.

As to Bill No. 2, in addition to what was said in our original opinion, we observe that it has been the consistent holding of this court that unless a bill complaining of argument of the prosecution recites affirmatively that such argument was not invited by the argument of the defense, it would be insufficient to certify error. It was directly so held in Fowler v. State, 89 Tex. Cr. R. 623, 232 S. W. 515. See Alamo v. State, 150 Tex. Cr. R. 180, 200 S. W. (2d) 161; Sanchez v. State, 147 Texas Crim. Rep., 436, 181 S. W. (2d) 87; and cases therein cited; Hatley v. State, 151 Texas Crim. Rep. 280, 206 S. W. (2d) 1017; Slack v. State, 152 Tex. Cr. R. 215, 212 S. W. (2d) 152. Counsel for appellant recognized the rule and incorporated in his Bill No. 2 the statement that the argument complained of "was not made in reply to any argument made by the defendant's counsel, neither was said argument invited or provoked by the defense counsel." We observe that the trial court qualified the bill as follows:

"The Court does not certify that the argument complained of was not in reply to the argument of counsel for defendant."

Appellant accepted said bill as so qualified and the qualification leaves the bill short of a necessary certificate to perfect the bill.

The motion for rehearing is overruled.