### FLOYD BAGGETT V. STATE.

No. 24645. February 8, 1950.
Rehearing Denied May 24, 1950.

*Marvin H. Miller,* New Boston, and *Brown and Brown,* Texarkana, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged under Art. 802c, Vernon's Ann.

P.C., with the offense of driving while intoxicated and by accident and mistake, as he approached an automobile upon a public highway, he struck and thereby killed one, William Thompson. Upon his conviction therefor, he was assessed a penalty of two years in the state penitentiary.

The testimony shows that one, Luther Rainey, and his married daughter, with two babies and two other children of Rainey, together with his father-in-law, William Thompson, the deceased, were riding in Mr. Rainey's pickup truck on a highway in Bowie County on the day in question. The gasoline feed pipe of the truck became obstructed and the pickup was driven to one side and stopped, and Mr. Rainey began working on the same. Mr. Thompson, the deceased, was assisting him by holding up the hood covering. While they were thus engaged the appellant, his wife, appellant's brother, and another woman were driving on this road in the same direction in which Rainey was headed. Appellant's car struck this pickup and knocked the same onto and against Mr. Thompson, inflicting upon him injuries from the effect of which he soon died.

The state alleged and proved that appellant was intoxicated at such time, which fact, however, was strenuously denied by appellant and also by his witnesses.

Appellant offered the testimony of witnesses evidencing the fact that he was not intoxicated at such time, but that when he first observed the Rainey truck and turned out of the road to avoid hitting the same, a car coming from the direction in which he was traveling caused appellant to swerve toward the pickup and he accidentally struck the rear bumper of same and thereby caused Mr. Thompson to meet his death; that he was not intoxicated at such time. However, the jury found against such contention.

Bill No. 1 relates to a request for a peremptory instruction of not guilty and is overruled; and Bill No. 2 is also without merit and is overruled.

Bill No. 3 relates to the trial court's refusal to charge relative to the drunkenness of appellant's brother, who was one of the occupants of the car that caused Mr. Thompson's death. Such a charge as requested would have been upon the weight of the evidence and was properly refused.

Bill No. 4 relates to the testimony of one witness concerning

the drunkenness of appellant's brother, who was one of the occupants of appellant's car, as above stated. The testimony shows that on the day of the tragedy, the Baggett family held a reunion at the home of Archie Baggett, and appellant carried two carloads of visitors to such home; that the brother, Leland Baggett, was with appellant on at least one of these trips; that appellant and his brother stopped at three places and drank beer at each place in the afternoon of the day of the accident; that at the time of the accident, appellant and his wife, Leland Baggett and another woman, whom appellant thought was Leland's wife, were in the car which caused the collision. It also appears from the record that prior to this fatal drive, Leland had seemingly become offended about something that took place at his brother's house and left his brother Archie's home; that appellant had followed him and had finally gotten Leland and this woman in the car and was driving away when the accident occurred.

The testimony of Rainey's married daughter shows that just before the pickup was struck, appellant was looking back toward the rear seat of his car when a woman in the back seat hollered; that appellant then looked around and twisted the steering wheel of his car and struck the pickup, which was off the paved portion of the highway.

We think the actions of the parties present in the car, as well as the condition of the brother as to sobriety, were part of the res gestae.

Appellant testified that he had drunk one bottle of beer at 2:00 o'clock, one at 3:30 o'clock, and one at 4:00 o'clock. He said, "Yes, I was under the influence of this beer," and they had a case of beer with them, but he denied being intoxicated. Earlier in the day, according to appellant, his brother Leland was not intoxicated, but he drank a bottle of beer every time that appellant drank one. However, appellant's wife testified that Leland was "very intoxicated" in the morning of the day of the accident; that on the day of the accident, Leland, while intoxicated, got into an argument with someone and he left and went to a nearby store; that she and her husband and this woman went after him; that he refused to return to the home, so they decided to get him in the car; that they drove around for a while, Leland sitting in the front seat with appellant and his wife, and the woman was in the rear seat. They started driving down the highway and after going a short distance the wreck occurred. This latter portion above is the testimony of appellant's wife.

We also overrule Bill No. 5 which is similar to Bill No. 4.

Bill No. 6 relates to the refusal of the trial court to allow Mrs. C. L. Cosnell, the other woman in appellant's car, to state that at the time of the accident, appellant had to make a choice of either hitting the pickup or a head-on collision with an approaching automobile. This seems to be hearsay and a conclusion of the witness, who could only describe the scene itself, and surely she did not know what impression such scene made upon the mind of the appellant.

Bill No. 7 presents nothing serious, so we think, and it is therefore overruled.

Bills Nos. 8 and 9 are overruled. We think the charge of the trial court carefully and fully set forth the law of the case to the jury.

It is claimed that the indictment herein is fatally defective in that it fails to allege that the highway mentioned therein is in Bowie County, Texas. The allegation complained of reads in part as follows:

"* * * that Floyd Baggett on or about the 8th day of May, A.D., 1949, and anterior to the presentment of this Indictment, in the County of Bowie and State of Texas, did then and there unlawfully while intoxicated and while under the influence of intoxicating liquor, drive and operate a motor vehicle, to-wit, an Automobile upon a public highway of this State, to-wit, the Public highway leading from New Boston to Dekalb," etc.

We express the opinion that it is sufficiently shown therein that the phrase "then and there" referred to such county, and no error is evident.

The case of Tate v. State, 153 Tex. Cr. R. 415, 223 S. W. (2d) 634, cited us, is not in point. In that case a reversal was ordered because of the failure of the proof to show that the alleged highway was U. S. Highway 108. In this cause, it is shown by proof that such highway was the road "leading from New Boston to Dekalb," as alleged. We note that it is shown by the proof that "this road where the accident happened is Highway 82. It is between Malta and Dekalb. That road goes from New Boston to Dekalb. It is a public highway."

It is claimed that the testimony is insufficient to show that appellant was intoxicated at the time that Mr. Thompson met

his death. That such proof is necessary is a foregone conclusion. We think the testimony of the state's witnesses was positive relative to such, as well as the doctor who saw appellant soon after the accident, as well as appellant's own testimony hereinabove quoted. It was shown by him that he had drunk three bottles of beer from 2:00 o'clock P. M., until the time of the accident, and that he was under the influence thereof but he also claimed not to be drunk. We can only say that it is a wise suggestion often seen along the highways that, "If you drive, don't drink; if you drink, don't drive."

We see no error shown herein, and the judgment will be affirmed.

Hawkins, P. J., absent.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

In his Bill of Exceptions No. 2, appellant complains of the closing argument of the district attorney wherein he stated that the defendant had not filed an application for suspended sentence, and that "it was either nothing or penitentiary" for the defendant.

Such bill is insufficient to reflect error, if such there be, for the reason that it fails to show that such argument was not invited by or made in reply to argument of defense counsel. See France v. State, 148 Tex. Cr. R. 341, 187 S. W. 2d 80; Carpenter v. State, 149 Tex. Cr. R. 144, 192 S. W. 2d 268; Stovall v. State, 153 Tex. Cr. R. 495, 221 S. W. 2d 278.

Bill of Exceptions No. 7 complains of the following answer of a witness as not responsive to the question propounded: "We could tell there was something wrong with the men, or it looked like it was."

There are no surrounding facts shown in the bill. It is not shown who "the men" referred to in the answer were, nor in what way appellant claims to have been injured by the testimony. Therefore no error is shown. See Branch's Ann. P.C., p. 131, Sec. 207.

Bill of Exception No. 8 relates to the refusal of the court to give the following requested charge:

"Gentlemen of the jury you are charged as part of the law in this case that you cannot find the defendant guilty as charged in the indictment unless you find and believe from the evidence beyond a reasonable doubt that at the time of the collision in question, if you have found there to have been a collision, the defendant knew that the deceased was standing in front of a parked pickup truck or that the defendant, by the exercise of reasonable care could have known of the deceased's position."

We are convinced that there was no error in the failure to give such charge.

In prosecutions for murder by accident or mistake under the provisions of Art. 802(c), the state's case is complete upon proof beyond a reasonable doubt that the accused drove a motor vehicle upon a public highway while intoxicated, in violation of the provisions of Art. 802, Vernon's Ann. P.C., and while engaged in such illegal act, by accident or mistake caused the death of another, the accident not being one entirely disconnected from and disassociated with his intoxication.

"One who is so careless of the rights of others as to use a dangerous instrumentality while intoxicated by drink must pay the penalty." Brewer v. State, 140 Tex. Cr. R. 9, 143 S. W. 2d 599.

The indictment is very similar, if not identical, in regard to the averment as to the highway being in the named county, with the indictment held sufficient in that regard in Johnson v. State, 149 Tex. Cr. R. 380, 194 S. W. 2d 771.

All other contentions have been fully considered and discussed, and we believe properly disposed of.

Appellant's motion for rehearing is therefore overruled.

Opinion approved by the court.