BENNIE CLARK, JR., V. STATE.

No. 24798. June 7, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder "with malice aforethought" in which the jury assessed a penalty of five years in the penitentiary and declined to suspend the sentence.

Appellant and the deceased were young Negroes living in the Moscow community in Polk County. There is quite a conflict in the evidence as to what occurred prior to the killing, but the important details of the murder itself are not so much in dispute. It was evidently a premeditated killing growing out of some dissatisfaction because the deceased had associated with appellant's then wife while he was absent. This dissatisfaction was augmented by the possession of a gallon of wine by the appellant the night before the tragedy. The parties, each ac-

companied by relatives and friends, met as they drove up to a filling station. The shooting followed without delay. On cross-examination appellant described his mental attitude as follows: "And I was mad when I shot this boy. I was just mad as the devil at him. As to whether I would have killed, if I had an ice pick to kill him, I imagine so. I was really mad at him. I was never madder in my life, than I was at this Leon Hall. I was never any madder. I was mad at him as I could be. I had been mad at him ever since he cut me. That was down there on the branch past my house towards Berring. And I stayed mad at him all the time ever since that night until I shot him."

Further discussion of the details of the killing will not be necessary. The evidence supports the jury's verdict.

The record is before us with five bills of exception. Bills Nos. 2 and 3 complain of evidence brought out by the state as to the reputation of the accused as a peaceable and law abiding citizen of the community. He had filed an application for suspended sentence, but contends that his reputation was not in issue at the time the state examined their witnesses on the subject. Appellant has filed no brief in the case and we are not advised of the authorities upon which he relies to support his contention on this subject, as well as on the other issues raised by the record.

Bill of Exceptions No. 4 complains of the action of the private prosecutor who, during some unexplained procedure, told the court in the presence of the jury that they would produce as a witness the former wife of appellant—who was his wife at the time of the homicide, but had divorced him—if appellant did not object. We find nothing in the bill to show the circumstances bringing about this discussion and we are unable to foresee what evidence she would have given. We are not permitted to surmise that it would be contrary to the interest of appellant.

Bills of Exception Nos. 5 and 6 complain of the argument of the prosecution. These bills do not comply with the requirement to allege that the argument was not made in reply to any argument by the defense, or that it was not provoked thereby. It will not be necessary to discuss other defects in the bills. They are not in position to be considered by the court.

Finding no reversible error, the judgment of the trial court is affirmed.