ALLEN CONWAY WILLIAMS V. STATE.

No. 24847. October 25, 1950.
Rehearing Denied January 10, 1951.

*Kahn, Heidingsfelder & Daniel,* by *H. E. Kahn,* Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of rape, and the jury assessed the death penalty.

The victim is shown to have been a ten-year-old girl, who was first accosted by appellant in a picture show at La Porte, Texas, about 7 P.M. She was followed from the show and enticed into the car appellant was driving by his promise to take her to her mother. He told her that her mother wanted her.

Driving in the opposite direction from the place where the child told him her mother was employed, he left the main road, and after driving for a time submitted the child to his perversion, defiled her mouth, and twice ravished her.

The child's testimony is corroborated by a witness who saw appellant and the child enter the car, and others who identified appellant as the driver of the car in question—a Kaiser car with a Florida license plate in the rear and none in front and with the maker's emblem missing from the front.

During the drive, appellant struck a concrete culvert and a parked car at the dead-end of a road, and bits of concrete taken from the car and a sample taken from the culvert were found by the experts to be identical. Blood was found in the car and upon a pair of appellant's trousers. Hair identical with that taken from the child's head was found in appellant's car.

Following the last assault upon her, which occurred in a ditch on the side of a road, the child kicked appellant and ran away, he repeating previous threats to kill her as she ran.

Mrs. DeCola, a resident of the section and to whose home the child finally made her way, took her in, ministered to her and called the officers. She testified in part:

"There was a knock on my front door and when I turned the front porch lights on and opened the front door I saw this little girl all full of blood and mud. Her face and hands were very muddy and you couldn't see her eyes. The dogs were right behind her, barking at her. I invited the little girl inside of my home. Her dress, both front and back, was full of blood and mud, and she was in a terrible condition. I washed her face and hands and made a pallet on the floor and laid the little girl down on it, and gave her a drink of water. I called the officers. The little girl laid there on the pallet, groaning, with severe

pains in her stomach. She held her hands on her stomach and laid on her right side all the time she was there. As I stated, there was mud all over her face and hands, and her hair was stiff with mud, and when I washed the mud off of her face and hands I called the officers. When the officers arrived they lifted her and the pallet and took her home. I could see blood on the pallet after I laid her down on it."

Dr. Mock, who examined the child that night prior to her being taken to the hospital, testified as to her terrible condition resulting from the assault.

Appellant testified denying any knowledge or connection with the crime. His testimony raised the issue of an alibi. He also said that he was highly intoxicated on that night, and offered evidence to that effect from others.

In his brief, appellant first complains of the trial court's action in connection with the overruling of his motion for new trial. The trial court's order contains findings and explanations of his rulings on the various matters alleged by appellant as a ground for such motion.

Appellant contends that, in view of the provisions of Art. 758, C.C.P., it was improper for the court to do other than simply grant or overrule the motion.

If we understand appellant's position, he contends that by reason of the inclusion of such matters, some degree of prejudice upon the part of the trial judge is indicated, and therefore a close scrutiny of the judge's rulings are called for.

We do not agree that the findings and explanations found in the order overruling appellant's motion show prejudice upon the part of the able trial judge toward appellant.

But we agree that appellant is entitled to a "close scrutiny" of the trial court's rulings, especially in view of the extreme penalty having been assessed.

Fourteen bills of exception are relied upon for reversal.

Bills Nos. 1 and 2 relate to the overruling of his motion for continuance based upon the absence of the witness John Fountain. It was averred in said motion that the witness, if present, would testify that he was with appellant from about 1 o'clock

P.M. until about 6:30 P.M. on the day in question and that from his companionship with him, it would have been impossible for appellant to have committed the act charged.

The expected testimony does not appear to be in conflict with the state's evidence, which fixes the time of appellant's first contacting the child as 7 P.M.

Affidavit of the absent witness, Fountain, is attached to the bill as a part of the court's qualification, wherein the time of his separation from appellant is fixed at about 6:10 P.M. and not 6:30 P.M., as stated in the application.

Under such facts, there was no error in overruling the application for continuance. See Tuck v. State, 155 Tex. Cr. R., 113, 231 S.W. 2d 436.

Bill No. 3 relates to the overruling of appellant's exceptions to the court's charge. The qualification to this bill shows that the charge was amended to meet the objections made and that no further objections were filed, and no exceptions reserved.

Bill No. 4 relates to the refusal of appellant's requested charge in which he requested that the court give the following instruction on the defense of alibi:

"That if the defendant, Allen Conway Williams, was at Muecke's place in Seabrook or in the upstairs of another place testified about at or near Seabrook or another place on the La Porte-Seabrook road near Seabrook at the time that it is claimed that the offense was committed, then you will find the defendant not guilty and so say by your verdict and if upon this issue you entertain a reasonable doubt, you will give the benefit of such doubt to the defendant and say by your verdict, 'Not Guilty.' "

The qualification to this bill certifies that there was no testimony that appellant was in another place on the La Porte-Seabrook Road near Seabrook at the time of the offense and that appellant testified that he traveled on many roads on that night.

In the main charge, the jury was fully instructed as to the defense of alibi in the following language:

"Among other defenses set up by the defendant is what is known as an alibi; that is, that if the offense was committed, as

alleged, that the defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed, and therefore was not and could not have been the person who committed the same.

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed at the time of the commission thereof, you will find him 'not guilty.' "

No objection was made and no exception was reserved to the giving of this instruction. Under the charge, as given, appellant's counsel could argue any and all testimony which could have been argued under the requested charge.

The charge as given protects appellant's rights as fully as the requested charge, and we fail to see how the jury could have been misled, or how they could have failed to have comprehended the law on the subject of alibi. See Williams v. State, 54 Tex. Cr. R. 30, 111 S.W. 1031; Fox v. State, 53 Tex. Cr. R. 150, 109 S.W. 370.

Bills 5 to 10 inclusive complain of various remarks of the district attorney in his closing argument to which no objection was made or exception taken during the trial.

These bills are insufficient to show reversible error. The surrounding circumstances and the connection in which the language was used is not shown, and the bills fail to show that the remarks were not provoked or invited by argument of appellant's counsel. Naugle v. State, 118 Tex. Cr. R. 566, 40 S.W. 2d 92; Shelton v. State, 150 Tex. Cr. R. 368, 200 S.W. 1004; Clark v. State, 155 Tex. Cr. R. 26, 230 S.W. 2d 810.

Bill No. 13 complains of the remarks of the district attorney in his argument where he said:

"The brown pants of the Defendant which I have right now, which I wanted to offer in evidence, but counsel for the Defendant objected, and the Court sustained the objection, and, therefore, I could not offer the pants in evidence."

Appellant's objection to such argument was promptly sustained, and the court, as requested, instructed the jury in writing not to consider the remarks. The trial judge's qualification to said bill certifies that no exception was reserved to said argument or to the court's instruction to disregard it.

The complained of argument is not of such a harmful character that its effect could not be removed by the trial court's instruction. The jury was not advised by the argument of any fact which they did not already know. The pants were offered in evidence, the objection to their introduction and the ruling of the court sustaining same all occurring in their presence.

In Bill of Exception No. 14 complaint is made of the refusal of the trial judge to permit the filing of the entire argument of the district attorney as taken by the court reporter as a part of the record in the case. The argument as so taken and transcribed by the reporter is attached and forms a part of this bill of exception.

It appears that by this method, the district attorney's remarks appear in the record, and the complaint in the bill is satisfied.

The argument here found cannot be used to bolster other bills of exception directed to portions of said argument, and the court properly held that the reporter's transcript of the same was not a proper part of the record. The argument has, however, been examined, and we find no remarks therein of such harmful nature as to constitute reversible error in the absence of proper objection made at the time of the trial.

Bill No. 11 complains of the refusal of the trial judge to permit appellant's wife and two children to sit with him during the trial, and during the argument.

Bill No. 12 sets forth a similar complaint concerning the refusal of his request that appellant's three sisters be permitted to sit with him during the trial.

The seating arrangement at the trial is a matter which rests in the discretion of the trial judge. We fail to find any abuse of such discretion shown by these bills.

The trial court's qualifications show that the jury was not informed of the request and that no injury was done appellant. It is also shown that the space around the counsel table was small, and was needed for the free movement of the six attorneys and other officers of the court.

All of the evidence shows that a horrible and fiendish sex

crime was committed upon this little girl. The state's evidence shows appellant to be the guilty party.

Appellant places himself in the vicinity of the picture show a short time before the child says he came in and sat down beside her. He offered testimony, including his own, to the effect that he had been drinking heavily.

The jury rejected his claim that at the time the offense was shown to have been committed, that he was at another and different place. The trial judge submitted to the jury the law with reference to temporary insanity from the recent use of intoxicating liquor. The jury assessed the death penalty.

The evidence is sufficient to sustain such verdict, and no reversible error is presented.

The judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

At appellant's insistence, we have again reviewed the entire record, and remain convinced that reversible error is not reflected.

It would serve no useful purpose to write further.

The motion for rehearing is overruled.

Opinion approved by the court.