## BOB PAYNE V. STATE

No. 27,584. May 4, 1955
Rehearing Denied (Without Written Opinion)
June 8, 1955

*R. E. Murphy*, Coleman, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of beer for the purpose of sale in a dry area; the punishment, a fine of $100.00.

Sheriff Fenton of Coleman County testified that he went to appellant's home on the day in question, told the appellant that he wanted to search his place for beer and whiskey, that the appellant said, "Come on in," and that he found 31 quarts of beer therein. Fenton stated that on several occasions prior thereto he had watched appellant's home and had observed people enter, stay awhile, and then leave.

The appellant testified in his own behalf, admitted possessing the beer, and stated that he had it for his own and his wife's use. He stated that he had never before been arrested for a liquor law violation and had never sold any intoxicants.

Appellant's wife corroborated his testimony and stated that she drank beer upon the advice of her physician.

It is the appellant's contention that, since the state failed to prove any prior sales by the appellant and failed to disprove his testimony and that of his wife, the evidence is insufficient to support the conviction.

In Sanders v. State, 151 Texas Cr. Rep. 68, 204 S.W. 2d 835, in disposing of a similar contention, we said:

"In this case there was no direct testimony that appellant possessed intoxicating liquor for the purpose of sale. His guilt is made to depend upon an application of the prima facie evidence rule. Art. 666-23a, Vernon's Ann. P.C.

"Appellant contends that the presumption arising from such rule was overturned by his affirmative defensive testimony that he did not possess the liquor and beer for the purpose of sale together with proof of his good reputation.

"The jury rejected appellant's defense.

"The prima facie evidence rule authorized the jury's conclusion of guilt. For us to say, under such circumstances, that the facts are insufficent to support the verdict, would be to hold invalid the prima facie evidence statute. We have held to the contrary. Stoneham v. State, 99 Texas Cr. R. 54, 268 S.W. 156; Newton v. State, 98 Texas Cr. R. 582, 267 S.W. 272."

Finding no reversible error, the judgment is affirmed.